Clyde MANYFIELD, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1185S453.

Supreme Court of Indiana.

June 29, 1987.

Ellen S. Podgor, Pauper Appellate Counsel, Nicholls & Podgor, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Clyde Manyfield, was convicted by a Lake County jury for the crimes of criminal confinement and robbery, class B felonies. The trial court sentenced him to thirteen (13) years on each count to be served concurrently. In this direct appeal, Appellant raises the following issues for our consideration:

1) sufficiency of the evidence supporting each conviction; and,

2) erroneous admission of hearsay testimony.

I

First, Appellant challenges the sufficiency of the evidence supporting his convictions. When sufficiency of the evidence

is challenged on appeal, this Court uses a very narrow standard of review. We neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we look at the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the jury could have reasonably inferred guilt beyond a reasonable doubt, the conviction will be affirmed. *Anderson v. State* (1984), Ind., 469 N.E.2d 1166, 1169, *cert. denied* 469 U.S. 1226, 105 S.Ct. 1220, 84 L.Ed.2d 361; *McMillan v. State* (1983), Ind., 450 N.E.2d 996, 999.

The evidence presented at trial is as follows. On the morning of October 10, 1984, at approximately 1:00 a.m., D.B. was returning from her job at the United States Post Office in Chicago, Illinois. She stopped to buy groceries and then drove to her home in Gary, Indiana. As she parked her car in front of her home, another car pulled up along side her car. A man exited that car and approached D.B.'s car. He told her he was robbing her and pulled her out of her car. The man took D.B.'s coin purse which contained $15. The man forced D.B. back into her car. He then got into the driver's seat of D.B.'s car and drove the car away, followed by the car in which he had arrived at the scene.

During the drive, the man in D.B.'s car showed her his gun and placed it on the dashboard. The two cars were driven to a secluded spot. A man from the second car got out and entered the back seat of D.B.'s car. He told D.B. not to look at him. The first man searched D.B. for more money. In the process, he sexually assaulted D.B. The two men split the loot between each other. The second man referred to the first man as "Clyde." Both men left, the first taking D.B.'s groceries.

D.B. reported the robbery to the Gary Police. They took her statement and asked her to look at police photographs in an attempt to identify the robbers. She was able to pick Appellant's picture from those photographs. D.B. stated she got a very good look at Appellant for approximately twenty-five minutes. No lineup was conducted.

Appellant presented one alibi witness, Ms. Vatina Davis, Appellant's girlfriend. She testified Appellant was living with her and she was positive he was home with her after 10:00 p.m. on every evening of the week in question.

Appellant challenges the sufficiency of the evidence on the following grounds. He claims there was insufficient evidence to connect him to the crime. He argues that the State's case rests solely on the victim's identification testimony. He also challenges the police investigation of this crime. He argues the police failed to conduct a lineup, failed to check D.B.'s car for fingerprints, and failed to interview any of D.B.'s neighbors to determine if someone may have witnessed the robbery. Appellant concludes that because the State offered no corroborating testimony and no circumstantial evidence connecting him to the crime, the evidence is insufficient to support his convictions. We disagree.

Appellant merely asks that we reweigh the evidence and find his alibi more credible than D.B.'s identification testimony. It is well established that the uncorroborated testimony of the victim is sufficient to support a criminal conviction. *Springer v. State* (1984), Ind., 463 N.E.2d 243, 245; *Brown v. State* (1982), Ind., 435 N.E.2d 7, 10. We believe the State met its burden in this case by proving each element of both crimes.

D.B.'s identification testimony was in no way suspect. She stated she was able to get a very good look at Appellant for up to twenty-five minutes. At one point, Appellant was only eight inches away from D.B.'s face. Appellant's accomplice referred to Appellant as "Clyde" during this robbery. Appellant took D.B.'s money by threat of force. He had a gun and displayed it to her. Appellant also removed D.B. from in front of her home by threat of force. He substantially interfered with

D.B.'s liberty without her consent. D.B. testified that during her ordeal, she was afraid and thought she would be killed. We find there was sufficient evidence presented to support the jury's finding Appellant guilty of robbery and criminal confinement.

## II

Next, Appellant contends the trial court erred in admitting hearsay testimony. During direct testimony, D.B. was asked what, if anything, the man in the back seat said to the man in the front seat. Appellant's hearsay objection was overruled. D.B. answered that after the money was divided, the man in the back seat said, "S____, Clyde, you always do this." Appellant claims this was error. The State contends the testimony falls within the *res gestae* exception to the hearsay rule.

Hearsay is testimony or written evidence of a statement made out of court, such statement being offered to show the truth of the matters asserted therein, thus resting for its value on the out of court declarant's truth and veracity. *Salahuddin v. State* (1986), Ind., 492 N.E.2d 292, 294; *Torres v. State* (1982), Ind., 442 N.E.2d 1021, 1024. One of the exceptions to the hearsay rule is that statements near in time and place to the crime which complete the story of the crime are admissible. *Salahuddin*, 492 N.E.2d at 294; *Jones v. State* (1985), Ind., 472 N.E.2d 1255, 1259. We believe the statement in question here falls within this exception.

The statement was made by Appellant's accomplice while the crime was taking place. Apparently the remark was made because there was disagreement as to how the money was to be divided. Clearly, the statement related to the crime itself and completed the story. It was made in Appellant's presence. The statement falls within the *res gestae* exception, and the trial court was correct in allowing such into evidence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, and GIVAN, JJ., concur.

DICKSON, J. concurs in result without opinion.