Charles PHELPS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee.

No. 49A02–8703–CR–86.

Court of Appeals of Indiana, Second District.

Jan. 19, 1989.

---

1. Deitch's affidavit, Transcript, p. 67. Bickel's reply brief takes the same position.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Charles Phelps appeals his conviction of robbery and confinement.

We affirm.

Phelps presents two issues upon appeal. He contends that his right to an early trial was denied and that the evidence was insufficient to support the verdict.

I

The facts pertinent to the early trial issue are as follows: Phelps requested an early trial on April 1, 1986, and trial was set for May 19. On May 14, Phelps was granted a continuance until June 9. On that date, the State responded to the denial of its request for continuance by simultaneously dismissing and refiling its charges against Phelps. At the initial hearing on June 11 upon the refiled charges, Phelps requested an early trial date and trial was set for August 4. Then on July 8, he moved to dismiss the charges pursuant to Ind.Rules of Criminal Procedure, Criminal Rule 4 which provides for the discharge of a defendant if he is not brought to trial within seventy days of a motion for an early trial. The trial court denied the motion on July 18. At pre-trial conference on July 30, Phelps waived his request for speedy trial and requested a continuance.

It was granted and trial was rescheduled for September 8. The trial on September 8 and 9 resulted in a verdict of guilty of robbery and confinement.

Criminal Rule 4(B)(1) provides in part: "If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar."

In computing the seventy calendar days from a motion for an early trial, "each and every day after the filing of such motion for early trial shall be counted." C.R. 4(B)(2). Phelps filed his motion for an early trial on April 1, 1986. Thus, the original seventy-day period for trial expired on June 10. However, this period was extended. In *Brown v. State* (1981) 275 Ind. 441, 417 N.E.2d 333, 336, our Supreme Court held that the time limitation under C.R. 4(B)(1) "shall be extended by the period of any delay caused by defendant's acts." *See also State ex rel. Cox v. Superior Court of Madison County* (1983) Ind., 445 N.E.2d 1367; *Vaughan v. State* (1984) 4th Dist. Ind.App., 470 N.E.2d 374, *trans. denied.* Phelps requested and was granted a continuance which delayed trial from May 19 until June 9. Extending the original seventy-day period by the length of this delay, the new statutory period expired on July 1, 1986.

When the State dismissed and refiled its charges against Phelps on June 9 after being denied a continuance, Phelps contends that the State was merely seeking to avoid the statutory period for an early trial. We agree that the State may not use such tactics to delay trial. However, we also note that defendants may not elude prosecution where the State unavoidably must delay trial, e.g., to secure the attendance of a missing witness. C.R. 4(D); *Fink v. State* (1984) 4th Dist. Ind.App., 469

N.E.2d 466, *reh. granted*, 471 N.E.2d 1161 (1984). Assuming arguendo that in the present case the simultaneous dismissing and refiling of the State's charges indicates an attempt to circumvent C.R. 4(B), then Phelps' early trial motion would relate to the original charges and need not have been renewed as to the subsequent charges. *See Fink, supra.* The statutory period for an early trial as extended was due to expire on July 1, 1986. Phelps was not tried until September 8, but his early trial right was not erroneously denied because he waived the right by failing to object within the statutory period to the setting of a trial date beyond the period. *See Smith v. State* (1985) Ind., 477 N.E.2d 857; *Fink, supra.* He had reasonable opportunity to do so. At the initial hearing upon the refiled charges on June 11, 1986, the court set trial for August 4. Although Phelps and his counsel were both present, they failed to raise an objection until they filed a Motion to Dismiss/Motion for Discharge on July 8.[1] Phelps' failure to object within the statutory period to the setting of a trial date beyond the statutory period signifies acquiescence because he had reasonable opportunity to object at any time after June 11. His request for an early trial is deemed waived.

Phelps may not successfully argue that his trial on September 8, more than seventy days from his June 11 early trial request upon the refiled charges, violated his second request. The record clearly states that on July 30, 1986,

> "[d]eft. by counsel WAIVES REQUEST FOR SPEEDY TRIAL." Record at 19.

Accordingly, Phelps' early trial right was not denied at that point in the proceedings even were we to focus upon the refiled charges and the second speedy trial request.

## II

■ Phelps challenges the sufficiency of the evidence. He contends that the victim, Willis Dawson, did not testify that Phelps took part in the crimes, that Dawson told Phelps' mother that Phelps did not take part, that Dawson made conflicting statements, and that Dawson was an untrustworthy witness because he had been criminally convicted.

Dawson identified Phelps as one of two men who entered his apartment armed on March 30, 1986. Dawson was ordered to remove his pants and to lay on the floor. Then, the men took his pants, his wallet, and the alcohol which he bootlegged. Shortly thereafter, a police officer stopped a truck which matched the description Dawson had given of his robbers' getaway truck. Lloyd Anderson was driving the truck and Phelps was a passenger. Dawson's pants, wallet, and some alcohol were found in the truck. Phelps escaped the officer's detention but was quickly stopped again and placed in custody. While Phelps was being detained in a police car, Dawson arrived and identified him as one of the robbers.

When reviewing the sufficiency of the evidence, we refuse to weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is favorable to the State together with all logical and reasonable inferences to be drawn therefrom. We will uphold the verdict so long as there is sufficient evidence of probative value from which the jury could find Phelps guilty beyond a reasonable doubt. *See Manyfield v. State* (1987) Ind., 509 N.E.2d 810; *Taylor v. State* (1984) Ind., 468 N.E.2d 1378.

At trial, Dawson positively identified Phelps as one of the two armed men who entered his apartment on March 30, 1986. Although Dawson did not testify that

---

1. Phelps' motion states:
   "That on or about June 9, 1986, the State dismissed the charges under Cause Number CR86–058B, which was within the 70 calendar day rule, and refiled the identical same charges in the present entitled cause of action, thereby, preventing the Defendant from receiving a fast and speedy trial pursuant to C.R. 4(B), Indiana Rules of Criminal Procedure, and the Constitution of the United States and the State of Indiana."
   Phelps did not challenge the State's dismissing and refiling identical charges, but rather contended that his right to a fast and speedy trial was denied.

Phelps was the one who demanded that he remove his pants and lie on the floor, he did testify that Phelps acted in concert with Anderson in making this demand upon him and in taking his pants, wallet and alcohol. Phelps and Anderson acted in tandem. Each is criminally responsible for the acts of the other done in furtherance of their common plan. The State need not have proved that Phelps personally committed every act necessary to complete the robbery and confinement. *See Heironimus v. State* (1987) Ind., 511 N.E.2d 1071; *Voss v. State* (1984) 3d Dist. Ind.App., 469 N.E.2d 788.

With regard to Phelps' sufficiency challenge based upon Dawson's alleged denial of Phelps' participation, Dawson's conflicting statements, and Dawson's untrustworthiness due to prior convictions, Phelps is merely asking that we reweigh the evidence and find the testimony of Dawson not credible. As previously stated, we will not do so. *Kremer v. State* (1987) Ind., 514 N.E.2d 1068. In the case of conflicting evidence, the jury is not obliged to believe the testimony of any particular witness. It is the jury's prerogative to weigh the evidence and to determine who, in fact, is telling the truth. *Graves v. State* (1984) Ind., 472 N.E.2d 190.

There is ample evidence here to support the convictions. In addition to the testimony of Dawson, there is the evidence that Phelps was apprehended, shortly after the criminal acts occurred, with Anderson whom Dawson had identified by name and with property stolen from Dawson. When apprehended, Phelps resisted and fled. This evidence supports the verdict.

The judgment is affirmed.

SHIELDS, P.J., and ROBERTSON, J., concur.