Phillip M. STONE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 89A04–8808–CR–266.

Court of Appeals of Indiana,
Fourth District.

April 10, 1989.

L.R. Turner, Public Defender, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Phillip M. Stone (Stone) appeals his jury trial conviction for two counts of child molesting. IND.CODE 35–42–4–3(a).

We reverse.

Stone presents three issues for our review. Because we reverse, we discuss only two. They are:

1. whether the trial court erroneously admitted *Patterson* [1] statements, and

2. whether the trial court abused its discretion by admitting cumulative testimony concerning the victim's account of the molestation.

Although B.L. was 11 years old at the time in question, his level of competency was that of an 8 year old. One night when B.L.'s sister Missy became quite ill, Stone volunteered to take care of B.L. while his mother, Peggy, took Missy to the hospital. Upon returning from the hospital, Peggy went to pick up B.L. at Stone's house. However, B.L. did not return home with his mother because Stone insisted he stay over night. That night B.L. slept in the same bed with Stone. When Stone and B.L. awakened Stone compelled the child to perform fellatio, then sodomized B.L. Subsequently, Stone masturbated and reached ejaculation in front of the child. He told B.L. this was how people made babies and he should not tell anyone about the incident. Stone and B.L. then prepared and ate breakfast.

Stone took B.L. home to obtain a change of clothes. Peggy noticed B.L. was not wearing underwear. When she questioned Stone about it, he told her B.L. had gotten them dirty and he was going to wash them. B.L., his other sister Carol, and Stone then went swimming. They returned to B.L.'s home later in the afternoon. Stone went home and B.L. went to visit him. B.L.'s father and Missy then went to Stone's house where they ate dinner and did laundry.

After leaving Stone's house, B.L. told Missy what had taken place. After Missy related the facts to Peggy, she took B.L. to the hospital. Two doctors examined B.L. but the examination revealed no physical evidence of molestation. Two days later B.L. was taken to the police where a complaint was made about the molestation.

1. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482.

Stone was arrested, charged and convicted of child molesting.

At trial Peggy testified first. When asked how she received the information B.L. was molested, she testified Missy told her. She was then asked what Missy said. Stone objected arguing the statement would be hearsay, contrary to *Patterson*, cumulative and repetitious. The objection was overruled. Peggy then repeated the account of the molestation which Missy had told to her. Subsequently, Peggy then was asked what B.L. said. Stone objected on the same grounds and asked for a continuing objection to such testimony which was granted. Peggy then repeated B.L.'s account of the molestation. Later, B.L. himself was called to the stand and testified as to his account of the molestation.

Testimony was then elicited from Missy, Officer John Carrico (Carrico), Dr. Mark Harrell (Harrell) and Dr. Jeff Quillen (Quillen). After Missy's testimony Stone again objected on the same grounds and asked for a continuing objection which again was granted. The testimony of each of these witnesses repeated B.L.'s out of court statements to them as to what happened in its entirety.

Stone first contends it was reversible error for the trial court to permit Peggy, Missy, Carrico, Harrell and Quillen each to testify as to what B.L. told them about the molestation, citing *Lambert v. State* (1987), Ind., 516 N.E.2d 16, 21. He maintains the out-of-court statements made by B.L. to the witnesses were used as mere substitutes for available in-court testimony. He asserts there was no need to wander from traditional hearsay proscriptions since B.L. was in court when the evidence was offered, citing *Gaunt v. State* (1983), Ind., 457 N.E.2d 211, 215. We disagree.

▪ Hearsay is testimony or written evidence of a statement made out of court, offered to show the truth of the matters asserted therein. *Manyfield v. State* (1987), Ind., 509 N.E.2d 810, 812. An out-of-court statement's value rests on the out-of-court declarant's truth and veracity. *Id.* A statement is not hearsay when it is offered to prove facts other than the truth of the matter asserted. *Altmeyer v. State* (1988), Ind., 519 N.E.2d 138, 142 (social worker's testimony about what defendant's niece and niece's cousin had told social worker was not hearsay where it was offered in child molesting prosecution to show how social worker had become involved and why investigation of alleged child molestation began).

▪ In *Patterson, supra,* 324 N.E.2d at 484–485, our Supreme Court held prior out-of-court statements made by a witness who is in court and available for cross-examination are not objectionable as hearsay. However, the *Patterson* rule does not render evidence admissible; it merely renders that particular objection unsuccessful. Miller, *Indiana Evidence*, Sec. 801.407, p. 125 (1984). *Patterson* testimony may be rendered inadmissible by an objection on other grounds. The rationale behind the *Patterson* rule is the danger of admitting hearsay testimony is obviated if the declarant can be cross-examined. *Smith v. State* (1980), Ind., 400 N.E.2d 1137, 1141. It is within the trial court's discretion to admit a particular hearsay statement into evidence when the declarant is available to testify. *Doerner v. State* (1986), Ind., 500 N.E.2d 1178, 1182. The *Patterson* rule is misapplied when it is invoked to support the admission of out of court statements "as a mere substitute for in court testimony." *Samuels v. State* (1978), 267 Ind. 676, 372 N.E.2d 1186, 1187; see also *Lewis v. State* (1982), Ind., 440 N.E.2d 1125 (the court held at some point the state must put the declarant of the prior statement on the witness stand and elicit direct testimony to the facts at issue). The *Patterson* rule contemplates two foundational requirements, namely,

(1) the declarant be confronted with, acknowledge or disavow the prior statement, and

(2) the declarant be cross examined regarding the prior statement.

*Ruel v. State* (1986), Ind.App., 500 N.E.2d 1274, 1277.

▪ The *Patterson* rule allows the substantive use of prior statements which are

consistent with the witness's trial testimony. Miller, *Indiana Evidence, supra*, p. 113–117. Substantive evidence is evidence which is

> adduced for the purpose of proving a fact in issue, as opposed to evidence given for the purpose of discrediting a witness (i.e., showing he is unworthy of belief,) or of corroborating his testimony.

Black's Law Dictionary, Revised Fourth Edition, West Publishing Company, 1968. It is evidence introduced to prove the truth of the matters asserted therein. See e.g. *Dudley v. State* (1985, Ind.) 480 N.E.2d 881, 897. In *Buttram v. State* (1978), Ind., 382 N.E.2d 166 our Supreme Court found the trial court did not err in admitting the testimony of three *Patterson* witnesses who recounted statements made by a child victim as substantive evidence.

■ Here, the State, as proponent of the hearsay evidence, called B.L. as a witness, then elicited from him the necessary foundational testimony regarding the specific evidentiary matters which were the subject of his prior out-of-court assertions. However, B.L. only acknowledged making statements to Peggy, Missy and Carrico. He did not acknowledge making statements to Harrell and Quillen. However, the failure to comply with this foundational requirement does not require reversal. *See Ruel, supra*, at 1278.

The *Patterson* rule was not used here to admit substantive evidence in lieu of available and direct testimony of the witness because the content of B.L.'s prior out-of-court statements, which were admitted through the five witnesses' recitations of his statements, related to the same facts to which he testified and about which he was or could have been cross-examined. Further, Peggy's testimony about her conversation with Missy was not inadmissible hearsay. It was introduced to prove the fact the out-of-court statement was made rather than to prove the truth of the matters asserted therein. See e.g. *Altmeyer, supra*, at 706; *Kucki v. State* (1985), Ind. App., 483 N.E.2d 788, 790–791. We find no error here.

Stone next contends the trial court erred by admitting into evidence the statements B.L. made to four adult witnesses and his sister as to the events which transpired between Stone and B.L. on the morning in question. Adding the adult witnesses' and Peggy's (who testified twice as to B.L.'s version of what happened that night) testimony to B.L.'s direct testimony at trial, B.L.'s version of those events was repeated to the jury seven times, Stone argues. He contends that cumulative repetition unduly prejudiced him, that is, such repetition denied him a fair trial. He reasons B.L.'s credibility and that of his sister and the four adult witnesses became so intertwined it confused the credibility question. It was impossible for the jury to determine whose credibility was really at issue, B.L.'s or the witnesses who repeated his statements to them. Because of that confusion, B.L. and his version of what happened became cloaked with the credibility of the witnesses who repeated his version of those events, and B.L.'s credibility became incontestable in the minds of the jury, Stone claims. As a result, he argues, the presumption of innocence which must be afforded him throughout the trial was overborne by the time he took the stand to testify. Thus, he was denied a fair trial, Stone earnestly contends. We agree.

■ Cumulative evidence is that which goes to prove what has already been established by other evidence. However, the admission of such evidence is within the sound discretion of the trial court. Absent a manifest abuse of discretion, the courts on appeal will not disturb the trial court's ruling. *Davis v. State* (1983), Ind., 456 N.E.2d 405, 409. Cumulative evidence may be admitted so long as it is competent and relevant. Relevant evidence will not be rejected simply because it is cumulative, although it should be excluded if its potential to prejudice the jury improperly outweighs its probative value. The admission or rejection of cumulative evidence lies within the sound discretion of the trial court and its ruling will not constitute reversible error unless abuse of discretion is clearly shown. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 490.

■ The term "discretion" implies the absence of a hard and fast rule or a mandatory procedure regardless of varying circumstances. "Discretion" of a court is privilege allowed a judge within the confines of justice to decide and act in accordance with what is fair and equitable. Judicial action which involves discretion is final and cannot be set aside on appeal except when there is an abuse of discretion. *Preuss v. McWilliams* (1967), 141 Ind.App. 602, 230 N.E.2d 789, 792. The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal. *McFarlan v. Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N.E.2d 752, 754. The number of witnesses who may be called to prove a single issue of fact is within the sound discretion of the trial court. *Dobbs v. State* (1957), 237 Ind. 119, 143 N.E.2d 99, 100.

To constitute an abuse of discretion, the trial court's decision must be one which is clearly against the logic and effect of the facts and circumstances before the court. *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071, 1075. An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts or the reasonable, probable deductions to be drawn therefrom. *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288, 290. When an act is committed to a trial court's discretion, the courts on appeal will reverse only upon a manifest abuse of discretion and denial to the complaining party of a fair trial. *Winker v. State* (1977), Ind. App., 367 N.E.2d 26, 28.[2]

■ In Indiana, cumulative evidence questions on appeal have concerned the admissibility of evidence which illustrates or corroborates oral testimony, *Davis* (illustrative photographs), and *Wagner* (autopsy report). Our Supreme Court has held if such corroborating materials present relevant and probative evidence, such evidence, although cumulative, is admissible. However, its potential to prejudice the jury must not outweigh its probative value in such cases. The testimony in this case, however, does not illustrate previous testimony or present a different version of the facts to which B.L. testified at trial. The *Patterson*-type witnesses cumulatively testified to exactly the same facts B.L. did. They testified to nothing new or different. Although their testimony was relevant and admissible as substantive evidence under the *Patterson* rule, the fundamental question here presented is whether the trial court abused its discretion by permitting B.L.'s version of what happened to be presented to the jury seven times over. Stated differently, the question is whether the trial court manifestly abused its discretion in this regard because the potential for such cumulative testimony to unduly prejudice the jury substantially outweighed its probative value. *Davis, supra,* and *Wagner, supra.* In *Buttram,* there was no error in permitting three *Patterson* type witnesses to testify. We have found no Indiana cases discussing whether permitting six such statements into evidence constitutes an abuse of discretion.

*Patterson* testimony is the prosecutorial equivalent of a self-serving declaration. A self serving declaration is one made by a party in his own interest at some place and time out of court, not including testimony the declarant gives as a witness at trial. 31A C.J.S. *Evidence* Sec. 216 (1964). Although *Patterson* testimony is admissible without restriction if the declarant is available to testify, a criminal defendant's prior statements are generally inadmissible hearsay if offered by the defendant at trial, *Duff v. State* (1987), Ind., 508 N.E.2d 17, 19, because (a) a defendant should not be able to enhance his credibility by such method, and (b) such statements are rendered inherently unreliable by the possibility of fabrication. *Marts v. State* (1982), Ind., 432 N.E.2d 18, 24. One text writer compared this result with *Patterson*-type testimony which he found to be nothing more than self-serving declarations of the prosecuting witness.

---

2. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In Miller, *Indiana Evidence, supra,* the text writer compared self serving declarations and *Patterson* testimony. Finding the two rules inconsistent, he said

When the defendant testifies, this rule [self-serving declarations are inadmissible] defies the rationale of *Patterson.* A defendant who testifies is subject to cross examination concerning his "self serving" statements, and the evidentiary value of the prior statements does not depend "upon the credibility of persons not present and then subject to cross examination." It should be noted that the victim's prior statements are freely admissible under *Patterson* despite their self-serving nature and their tendency to enhance the witness' credibility.

The rule of inadmissibility appears to be based upon skepticism toward the truthfulness of persons charged with crime. *A rule excluding a testifying criminal defendant's "self-serving" statements on such grounds, while admitting similar statements by the victim, seems uncomfortable in the same courtroom as the presumption of innocence.* (Emphasis added).

*Miller, supra,* at 126–127.

The federal rule which permits the admission into evidence of prior consistent statements reads

Rule 801. *Definitions*

The following definitions apply under this article: ...

(d) *Statements Which Are Not Hearsay.* A statement is not hearsay if—

(1) *Prior Statement by Witness.* The declarant testifies at trial ... and is subject to cross-examination concerning the statement, and the statement is ... (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, ...

*Federal Rules of Evidence,* Rule 801(d)(1)(B). In contrast, however, prior consistent statements of the prosecuting witness are admitted without restriction under *Patterson.* In either forum, however, there are limits to the admission of prior consistent statements.

In Indiana and elsewhere, it is a universally-recognized rule of evidence, continually applied, that evidence, even though relevant, should be excluded if its probative value is substantially outweighed by the risk its admission will cause undue or unfair prejudice, confusion of the issues, misleading of the jury, undue delay or waste of time or needless presentation of cumulative evidence. 1 *Jones on Evidence* Sec. 4.6, Lawyers Co–Op. Publ. Co. (1972). As to undue prejudice, the rule permitting discretionary exclusion of relevant evidence finds application most often when inflammatory photographs are offered which are cumulative of other evidence on the same point, their evidentiary value is slight, and the risk of undue prejudice is great. *Id.* As to when relevant evidence is unduly prejudicial, the Seventh Circuit recently said

It is well settled that evidence is unfairly prejudicial only if it "will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented...." (citation omitted) "Evidence that appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action may cause a jury to base its decision on something other than the established propositions in the case." (cite omitted) This is the type of evidence that [Federal Rules of Evidence] Rule 403 excludes as being unfairly prejudicial. *See United States v. Zeuli,* 725 F.2d 813, 817 (1st Cir.1984).

*Cook v. Hoppin* 783 F.2d 684, 689 (7th Cir.1986). In *Cook,* a stairway slip and fall case, the appeals court reversed because the trial court over objection admitted hospital records containing the statement plaintiff had been injured "while engaged in a shoving or wrestling match" and such statement was prejudicial, warranting a new trial.

Even though the trial court has broad discretion as to the admission or exclusion of relevant evidence, we believe the trial court abused its discretion in this case by

permitting B.L.'s version of these events to be repeated six additional times by *Patterson*-type witnesses. Such evidence unduly emphasized the inflammatory aspects of the State's case. Clearly, Stone was unduly prejudiced thereby because that undue emphasis tended to cause the jury to decide the case on an emotional basis, rather than upon the evidence presented. Additionally, another consideration is the question of B.L.'s credibility.

In *Nitz v. State* (1986), Ak.App., 720 P.2d 55, eight witnesses testified to prior consistent statements (*Patterson*-type testimony in Indiana) made by the child victim. The court reversed and remanded for a new trial finding, among other things, (a) the trial court did not purport to balance the prior consistent statement evidence against its prejudicial impact, and (b) prejudice arises when a parade of witnesses are allowed to offer prior consistent statements testimony because the jury may be tempted to substitute the credibility of the third party witness for the credibility of the victim. In regard to this last finding the court stated

> This class of prejudice is particularly great and is particularly susceptible to abuse in cases such as the present one: here, the evidence of guilt consisted almost entirely of the testimony of an unsophisticated and relatively inarticulate child; her prior statements were presented to the jury through a series of articulate adult witnesses, whose ranks included credentialed professionals with extensive experience in dealing with sexual assault cases. It is notable that the prosecution in this case did in fact emphasize this aspect of the prior consistent statements evidence.

*Nitz, supra,* at 71.

Similarly, in *State v. Martin* (1982), App., 135 Ariz. 556, 557, 663 P.2d 240, 241 (affirmed in part and vacated in part) five witnesses testified regarding a child victim's prior consistent statement. In reversing the defendant's conviction, the court noted the likely prejudicial effect of the victim's prior statements by quoting the following statement of Martin's counsel

> What this case boils down to is that [the victim] says that one thing happened and ... Martin says that something else happened. [The victim] goes out and repeats this to her teacher, police officer, a social worker, another police officer, a psychologist, and a doctor. These people all become witnesses. And it sounds, if you don't stop to think about it, that all these people were witnesses to what happened, when they really weren't. They're only witnesses to what they were told by [the victim]. Repetition by her of her story two times or three times or nine times doesn't make it any more true than the first time that it was told.

*Martin, supra,* 135 Ariz at 559, 663 P.2d at 243.

Whether the jury could believe B.L.'s account of the molestation depended upon his credibility in its eyes. Without doubt the line between B.L.'s credibility became increasingly unimpeachable as each adult added his or her personal eloquence, maturity, emotion, and professionalism to B.L.'s out-of-court statements. Such rampant repetition probably built B.L.'s credibility to such a height Stone's presumption of innocence was overcome long before he got to the stand to deny the charges against him. The trial court abused its discretion by admitting all seven statements in their entirety. The undue prejudice to Stone of repeating B.L.'s out-of-court statement six times far outweighed the probative value of such testimony.

Although the trial court did not err *per se* in admitting some of those out-of-court statements, on retrial, it must determine the probative value thereof balanced against the prejudicial impact of B.L.'s cumulative out-of-court statements if offered as evidence by the State. We recall the words of our supreme court when it said in *Gaunt,*

> If the out-of-court declarant is available when the evidence is offered, there is no need to wander from traditional hearsay proscriptions.

*Gaunt,* 457 N.E.2d at 215.

■ In determining whether error in the introduction of evidence warrants re-

versal, this Court must assess the probable impact of the evidence upon the jury. *Short v. State* (1982), Ind., 443 N.E.2d 298, 308; *Williams v. State* (1981), Ind., 426 N.E.2d 662, 671. On appeal a defendant must affirmatively show there was error prejudicial to his substantial rights. *Shaw v. State* (1986), Ind., 489 N.E.2d 952, 954; *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 486. Only when error has caused prejudice will the cause be reversed. *Gambill v. State* (1985), Ind., 479 N.E.2d 523, 528; *Woolston v. State* (1983), Ind., 453 N.E.2d 965, 968.

 Here, as in *Nitz, supra,* and *Martin, supra,* the error is not harmless. B.L.'s testimony was of critical importance to the State's case. We cannot say, beyond a reasonable doubt, the drum beat repetition of B.L.'s original story did not unduly prejudice the jury which convicted Stone.

Reversed and remanded for a new trial.

MILLER, J., concurs.

GARRARD, P.J., concurs in result with separate opinion.

GARRARD, Presiding Judge, concurring in result.

In *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482 our Supreme Court embarked upon a worthy experiment to aid the truthfinding process. In operation the rule there announced has had a rather checkered experience because of the ease of abusing it. *See, e.g., Lewis v. State* (1982), Ind., 440 N.E.2d 1125; *Stone v. State* (1978), 268 Ind. 672, 377 N.E.2d 1372; *Samuels v. State* (1978), 267 Ind. 676, 372 N.E.2d 1186. Two recent decisions suggest its practical impact may be to provide a tool for the prosecution that will be denied to the defense. *See Doerner v. State* (1986), Ind., 500 N.E.2d 1178 and *Gaunt v. State* (1983), Ind., 457 N.E.2d 211. Perhaps it is time to reevaluate whether the rule has properly performed its function or whether a different rule such as that provided in § 801(d)(1)(B) of the federal rules might better serve Indiana.

Secondly, I recognize that the fact a child witness tells a number of people of his or her abuse may demonstrate that the child is crying out for help. Even so the verbatim repetition of all those accounts, as occurred here, can be highly prejudicial. I agree with the majority that it was an abuse of discretion prejudicial to defendant to permit those repeated accounts over proper objection.

I therefore concur in the result reached.