This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 31,623**

**ALLEN SEAGER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Matthew G. Reynolds, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1} Defendant appeals his convictions for two counts of criminal sexual penetration of a minor under thirteen years of age (CSPM). Defendant raises six issues on appeal: (1) the district court improperly instructed the jury on Count II by failing to give the elements of criminal sexual contact of a minor under thirteen years of age (CSCM), by failing to define "vagina," and by failing to instruct the jury on the "anal intercourse" option for Count I; (2) the district court erroneously admitted cumulative identification evidence; (3) there was insufficient evidence to sustain the CSPM conviction on Count II; (4) the district court erroneously ordered that Defendant be shackled during trial; (5) the court erred by admitting unrelated Halloween photographs and evidence of unrelated charges; and (6) the prosecutor made several improper statements that require reversal. We hold that Defendant was entitled to a jury instruction on the elements of the lesser included offense of CSCM and accordingly reverse and remand Defendant's conviction for CSPM charged in Count II. Because we reverse on Count II, we do not address whether the district court erred in failing to define "vagina." Finding no error in Defendant's remaining contentions, we otherwise affirm.

**BACKGROUND**

{2} In 2009, Defendant lived in a home with his mother and father, his former girlfriend, Edie Hicks, and their daughter, his brother Donald Seager, Donald's wife Antonia Zamora, and Donald's and Antonia's three children. Although Defendant's

2

other brother, Michael Seager, did not live in the house, he and his three-year-old daughter A.S. were often there. Defendant's charges arose when Antonia was doing laundry and discovered a San Disk digital memory card in the washing machine. Antonia gave the memory card to Donald who discovered that it contained two video clips of A.S. being anally raped by an adult male. Donald and other family members recognized the male as Defendant and contacted the police.

{3}     Defendant was charged with a total of fifty-two counts, but only two counts of CSPM in the first degree ultimately went to the jury. The jury returned a verdict of guilty on both counts. Because this is a memorandum opinion and because the parties are familiar with the procedural history and facts of the case, we reserve further discussion of pertinent facts for our analysis.

**DISCUSSION**

**Jury Instructions**

{4}     Defendant raises three issues with regard to the jury instructions. He contends that the omission of the elements instruction for CSCM under Count II requires reversal. In addition, Defendant argues that the omission of the definitional instruction for "vagina" was in error. And finally, he argues that the district court erred in failing to use the phrase "anal intercourse" with the requisite definition instruction as charged in Count I.

3

**{5}** As a preliminary matter, the parties agree that defense counsel did not submit proposed jury instructions on the above three issues, nor did she object to the instructions as given. Therefore, we review for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (stating that instructional errors that are preserved are reviewed for reversible error while unpreserved errors are reviewed for fundamental error). We begin with the omission of the elements instruction of CSCM.

**{6}** With regard to Count II, the jury was first instructed on the elements of CSPM in the first degree. The jury was next instructed that, as to the charge of CSPM in the first degree as charged in Count II, there were three possible verdicts: (1) guilty of criminal sexual penetration in the first degree (child under 13); (2) guilty of criminal sexual contact in the second degree (child under 13); and (3) not guilty. The jury was not provided with an elements instruction for CSCM in the second degree, and it ultimately found Defendant guilty of CSPM.

**{7}** Defendant argues that the district court's failure to give a CSCM elements instruction is reversible error because without an instruction, the jury was deprived of the opportunity to consider the lesser included offense. The State acknowledges that the district court agreed that the jury should be instructed on the lesser included offense of CSCM as to Count II and that, therefore, the court was under a duty to instruct on all elements essential for conviction of the crime. *See* Rule 5-608(A)

4

NMRA ("The court must instruct the jury upon all questions of law essential for a conviction of any crime submitted to the jury."). The State nevertheless argues that the district court's failure to instruct the jury on all essential elements does not require reversal. Specifically, the State contends that the errors were harmless because the jury was instructed to consider CSPM first and to only move on to CSCM if it found that the elements of CSPM were not met. Further, the State argues that the naming of the two offenses—whether the touching constituted "contact" or "penetration"—made the distinction between CSCM and CSPM clear to the jury. Finally, the State asserts that the jury could not have been confused about the instructions because it had asked numerous questions about other matters during trial yet did not seek clarification of the instructions. For the reasons that follow, we are not persuaded.

{8}     We first note that Rule 5-608 fairly resolves the matter. In addition to requiring the district court to instruct the jury on all essential elements of a crime, the rule goes on to provide in Subsection D that to preserve a claim of error, a defendant must properly object to the given instructions or tender a correct written instruction, *except* as to matters upon which the trial court has a duty to instruct under Subsection A. Our case law on the issue is consistent with Rule 5-608. Our Supreme Court has reiterated that when a defendant fails to object or tender a correct instruction, the failure to instruct the jury on the essential elements of an offense generally constitutes

5

fundamental error. *See State v. Barber*, 2004-NMSC-019, ¶ 20, 135 N.M. 621, 92 P.3d 633; *State v. Osborne*, 111 N.M. 654, 662, 808 P.2d 624, 632 (1991). Consequently, based on our rules and case law, the failure to instruct a jury on an element—let alone all the elements—of a crime deprives a defendant of the right to have the jury told what crimes he is actually being tried for and what the essential elements of those crimes are. Such an omission constitutes fundamental error and requires reversal.

**{9}** Contrary to the State's assertion, even if the jury considered CSPM first and found Defendant guilty of that crime, we cannot say that the jury may have found Defendant guilty of CSCM instead had it been properly instructed. Failure to give any elements of the crime of CSCM makes assessing the jury's verdict in this case highly difficult and necessarily brings the reliability of the trial process into question. Furthermore, the jury was specifically instructed to "consider each of these crimes. You should be sure that you fully understand the elements of each crime before you deliberate further." Without an instruction for the elements of CSCM, the jury could not and did not follow the court's instructions. The State has not cited to any case in which a trial court's failure to instruct on *all* elements of a crime did not result in reversal, and we have found none. We therefore hold that the district court's failure to instruct the jury properly on the essential elements of the crime of CSCM requires

reversal on Count II. Because we reverse on this issue, we do not reach Defendant's arguments that the omission of the definitional instruction for "vagina" was in error.

**{10}** Defendant also argues that the district court committed fundamental error when it instructed the jury that criminal sexual penetration, as charged in Count I, consisted of "insertion, to any extent, of [Defendant's] penis into the anus of A.S.[,]" rather than the "anal intercourse" option. We disagree. In *State v. Tafoya*, 2010-NMCA-010, ¶ 40, 147 N.M. 602, 227 P.3d 92, this Court considered whether, in cases involving penetration with a penis, the jury instructions should read "sexual intercourse" or "anal intercourse" rather than "insertion to any extent." We concluded that the jury instructions should read "sexual intercourse" or "anal intercourse" but nevertheless held that because the "insertion, to any extent" alternative "conveys the same definition and meaning [as] the instruction that should have been given[,]" it "accurately presented the applicable law." *Id.* ¶¶ 44, 46 (internal quotation marks and citation omitted). Thus, any error in the alternate instruction was not reversible error. *Id.* ¶ 46. Applying the *Tafoya* analysis here, we similarly conclude that the district court did not commit reversible error by instructing the jury on the "insertion to any extent option" instead of the "anal intercourse" option for Count I. *See id.*

**Identification Testimony**

7

**{11}** Defendant argues that the district court erred in permitting several members of his family to testify as to his identity and in permitting the State to repeatedly play a video in which A.S. is anally raped. We begin with the family's identification testimony.

**{12}** We review a district court's evidentiary rulings for an abuse of discretion. *State v. Flores*, 2010-NMSC-002, ¶ 25, 147 N.M. 542, 226 P.3d 641; *State v. Otto*, 2007-NMSC-012, ¶ 9, 141 N.M. 443, 157 P.3d 8. "A [district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Macias*, 2009-NMSC-028, ¶ 16, 146 N.M. 378, 210 P.3d 804 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. "We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Flores*, 2010-NMSC-002, ¶ 25 (internal quotation marks and citation omitted).

**{13}** Here, the State called five members of Defendant's family—his mother, two brothers, sister-in-law, and ex-girlfriend—to identify him. Defendant concedes that the family's identification testimony was relevant and that his family "certainly had the best opportunity to observe [his] features[.]" However, Defendant contends that his "real argument against admission was that it was unduly prejudicial to have his family testify as to his identity, especially since the jurors could view the evidence and

8

[Defendant] for themselves." We understand Defendant's argument to be that the jurors were required to identify the person in the photographs and videos themselves and could not rely on the testimony of the witnesses. Defendant has cited to no authority for the proposition that jurors may not consider identification testimony of trial witnesses and we have found none. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

**{14}** Defendant's reliance on *Stone v. State*, 536 N.E.2d 534 (Ind. Ct. App. 1989), is misplaced. In that case, the Indiana Court of Appeals concluded that it was error for the trial court to allow six adults, who had no knowledge of who committed the crime at issue, to repeat a child's out-of-court identification of the defendant as the perpetrator of sexual abuse. *Id.* at 540-41. In contrast, here, the family members did not merely reiterate an identification made by someone else thus bolstering that person's credibility. Instead, each witness offered an independent identification of Defendant. Defendant's brother, Michael Seager, identified Defendant by his hands. Edie Hicks, Defendant's ex-girlfriend, identified him by his hands, penis, face, jeans, belt, and voice. Antonia, Donald Seager's wife, also identified Defendant by his voice and face and testified that the individual in the video was not Donald because Donald was circumcised and the person in the video was not. Donald identified Defendant based on his voice and his long, thin fingers. Finally, Defendant's mother testified

9

that she had seen the videos and that she recognized Defendant. These independent identifications clearly had probative value particularly since Defendant repeatedly claimed at trial that he believed his brother Donald did not like him and had doctored the video to add the face shot of Defendant in order to turn the family against him. We conclude that the district court did not abuse its discretion in allowing the testimony of Defendant's family members.

{15} Defendant also argues that the district court erred in allowing the State to replay five times the videos showing A.S. being anally raped. We observe that Defendant is not challenging the admissibility of the videos or the district court's decision to make the videos available to the jury for review during deliberations but only challenges the number of times it was shown to the jury during the course of the trial. Because the issue was not preserved, we review for plain or fundamental error. *See State v. Lucero*, 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993). "Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *State v. Baca*, 1997-NMSC-045, ¶ 41, 124 N.M. 55, 946 P.2d 1066, *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783.

{16} While a video of a child being anally raped is undoubtedly disturbing evidence for anyone having to view it, we are not persuaded by Defendant's assertion that the jury did not need to review it more than once and that the district court could have

10

considered other means of proof. Defendant does not contest that the videos were the only evidence of anal penetration or that, since the defense was one of mistaken identity, it was necessary to have the witnesses testify simultaneously with the videos. We conclude that the video was played each time for a specific purpose during the State's presentation of its case. Accordingly, this error does not give rise to the type of fundamental error that would warrant reversal of the jury's verdict.

**{17}** We briefly address Defendant's sufficiency argument and conclude that there was sufficient evidence to support the CSPM conviction in Count II. *See State v. Kirby*, 2005-NMCA-106, ¶ 34, 138 N.M. 232, 118 P.3d 740 (noting that retrial is not barred by double jeopardy if the evidence at trial was sufficient to support the defendant's conviction).

**{18}** To find Defendant guilty of CSPM as charged in Count II, the jury was required to find, beyond a reasonable doubt, that (1) Defendant caused the insertion, to any extent, of his fingers into the vagina of A.S.; (2) A.S. was a child under the age of thirteen; (3) this happened in New Mexico on or about the 9th of December, 2009. Defendant contends that the evidence was not sufficient to establish his identity or that penetration occurred because the photographs show only hands, a child's genitals, and some clothing that appeared to be pajamas. We disagree that the evidence was insufficient.

11

{19} As an initial matter, testimony at trial established that the photographs relating to Count II were taken by the same camera as the videos showing Defendant anally raping A.S. and were on the same San Disk card as the videos that contained the photographs of Defendant's daughter in a Halloween costume. Further, several witnesses identified Defendant by his hands. And, A.S.'s father testified that the pajamas in the photograph belonged to A.S. and that he recognized A.S. because he had changed her diapers many times. This evidence was sufficient to establish that Defendant took pictures of A.S.'s private parts and his fingers. In addition, evidence showing Defendant's left index finger spreading A.S.'s vulva from the inside was sufficient for the jury to find penetration of the vagina. Consequently, we conclude there was sufficient evidence to support the CSPM conviction charged in Count II.

**Shackles**

{20} Defendant was apparently shackled during trial, and he argues on appeal that, although defense counsel did not object to the use of shackles, the jury was aware of them because of the noise they made when he moved. However, Defendant points to nowhere in the audio record where any noise is detectable during either of the two days of his trial. Matters not of record cannot be reviewed on appeal. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984). Moreover, Defendant's reply brief does not respond to the State's argument that no noise was detectable and, further, that the district court "actively guarded" against having the jury hear or see

12

the restraints by excusing the jury both prior to Defendant taking the stand and after he was finished testifying. Defendant's argument on this issue fails. To the extent this claim relies on evidence outside the record on appeal, Defendant may raise it in a habeas appeal.

**Halloween Photographs and Evidence of Unrelated Charges**

{21} Defendant next contends that the district court abused its discretion in admitting photographs of Defendant's daughter in a Halloween costume and that it committed plain error in allowing the admission of evidence of unrelated charges facing Defendant. Defendant offers these arguments pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 660, 712 P.2d 1, 6 (Ct. App. 1985), which require appellate counsel to advance a defendant's arguments even if the merits of the argument are questionable.

{22} A district court's evidentiary rulings are reviewed for an abuse of discretion. *State v. Ervin*, 2008-NMCA-016, ¶ 9, 143 N.M. 493, 177 P.3d 1067. When there is no objection to the admission of evidence, this Court reviews the issue for plain error. *State v. Torres*, 2005-NMCA-070, ¶ 9, 137 N.M. 607, 113 P.3d 877. "The plain-error rule, however, applies only if the alleged error affected the substantial rights of the accused." *State v. Contreras*, 120 N.M. 486, 492, 903 P.2d 228, 234 (1995), *limited on other grounds as recognized by State v. Rackley*, 2000-NMCA-027, ¶ 25, 128 N.M. 761, 998 P.2d 1212.

{23} We begin with Defendant's argument that the district court abused its discretion in admitting Halloween photographs of his daughter on the basis that the evidence was not relevant under Rule 11-401 NMRA. Specifically, Defendant argues that the photos were not sexual in nature, were not photographs of the alleged victim, and were not necessary for the State to establish that he had access to his mother's camera. Rule 11-401 provides that relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. "[A]ny doubt whether the evidence is relevant should be resolved in favor of admissibility." *Flores*, 2010-NMSC-002, ¶ 27 (internal quotation marks and citation omitted).

{24} At trial, the State offered five exhibits depicting Defendant's daughter in a Halloween costume. Edie Hicks testified that photographs were taken by Defendant on October 31, 2009. The Halloween photographs were taken by the same camera that took the videos and photographs forming the basis of Count II and were transferred to the San Disk memory device on the same date and time as the photographs at issue in this case. We agree with the State that the photographs were relevant because they showed that the date on the camera and, therefore, the dates of the videos and remaining photographs were correct. Further, the fact that photographs of Defendant's daughter were on the camera tended to prove that the videos and remaining photographs on the San Disk also belonged to him. Defendant's claim that

14

admitting the Halloween photographs was unnecessary is insufficient to overcome the district court's broad discretion regarding the admission or exclusion of evidence. *See State v. Stampley*, 1999-NMSC-027, ¶ 37, 127 N.M. 426, 982 P.2d 477.

**{25}** Defendant also contends that admission of the photographs was prejudicial because he was then "forced to rebut the evidence by setting out that he was incarcerated at the time the Halloween pictures were taken." Defendant's testimony resulted in the State admitting a copy of a bench warrant establishing that he was not arrested on those unrelated charges until after the Halloween pictures were taken. He argues that admitting the warrant was plain error because "it clearly referred to unrelated criminal conduct." We disagree. While it is undisputed that the warrant referred to unrelated criminal conduct, the State proffered that exhibit to rebut Defendant's testimony that he was incarcerated on October 31, 2009, and thus that he could not have taken the Halloween photographs of his daughter. We conclude that the purpose of the bench warrant was not to establish a propensity for criminal behavior under Rule 11-404(B) NMRA but to establish that, despite Defendant's testimony, he could have taken the Halloween photographs. Accordingly, the district court did not commit plain error by allowing admission of the bench warrant.

**Prosecutor's Statements**

**{26}** In his final issue on appeal, Defendant claims that the prosecutor's prejudicial statements require reversal. Defendant also advances this argument pursuant to

15

*Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658-60, 715 P.2d at 4-6. Because defense counsel did not object to most of these statements, we review for fundamental error. *See State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 (noting that when the district court had no opportunity to rule on a claimed error because the defendant did not object in a timely manner, we review the claim on appeal for fundamental error).

{27} Defendant sets forth three instances in which he alleges that misconduct occurred. In the first, during his testimony, Defendant described a facial hair style he had as a "devil's peak," and the prosecutor interjected that such a name was "appropriate." The district court immediately admonished the prosecutor and told him "no comments." "Prosecutorial misconduct rises to the level of fundamental error when it is 'so egregious' and 'had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial.'" *Id.* (quoting *State v. Duffy*, 1998-NMSC-014, ¶¶ 46-47, 126 N.M. 132, 967 P.2d 807). Although ill-advised, we cannot say that this comment alone constituted fundamental error requiring a mistrial. Defendant's next allegation of misconduct involve three leading questions that the prosecutor asked him on cross-examination. Defense counsel objected to the last question on the basis that the question was asked and answered, and the district court sustained the objection. Here, other than to say that "clear misconduct occurred," Defendant fails to demonstrate that the three leading questions,

16

one of which Defendant's objection to was sustained, rise to the level of compromising Defendant's right to a fair trial. *See State v. Rojo*, 1999-NMSC-001, ¶ 55, 126 N.M. 438, 971 P.2d 829.

**{28}** Defendant also argues that the prosecutor's references to Defendant's unrelated charges rise to a level of fundamental error. However, as the State points out, Defendant's claim that the prosecutor referenced "unrelated charges and/or other cases in opening and closing statements" is not supported by the record. Further, because we have already concluded that the admission of the warrant for the unrelated charges did not result in reversible error, the prosecutor's references to those charges in opening and closing statements—even if made—similarly do not rise to such a level.

**CONCLUSION**

**{29}** For the reasons set forth above, we reverse Defendant's conviction for CSPM in Count II. We affirm Defendant's conviction for CSPM in Count I.

**{30}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

17

_____
**CYNTHIA A. FRY, Judge**