## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jamie R. Green,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

May 31, 2019

Court of Appeals Case No.
18A-CR-2188

Appeal from the Elkhart Superior Court

The Honorable Kristine A. Osterday, Judge

Trial Court Cause No.
20D01-1803-F5-49

**May, Judge.**

[1] Jamie R. Green appeals his conviction of Level 5 felony domestic battery resulting in injury to a pregnant woman.[1] Green raises one issue on appeal, which we restate as whether the trial court abused its discretion in admitting the victim's prior out-of-court statements during the responding officer's testimony and the victim's direct examination. We affirm.

## Facts and Procedural History

[2] K.B. and Green began a romantic relationship in 2017. During their relationship, Green impregnated K.B, and K.B. notified Green of her pregnancy. K.B. and Green discussed topics related to the baby, including the baby's gender, items that needed to be purchased for the baby, and pregnancy-related doctor appointments.

[3] K.B. was at Green's house during the early morning hours of January 10, 2018. While Green was asleep, a female sent several text messages to him asking for sexual favors. K.B. read the text messages, and she woke Green and asked him about the text messages. Green then put his hand behind K.B's neck and started "smashing" the side of her head with his elbow. (Tr. Vol. II at 91.) K.B. experienced extreme pain and fell to the floor. Green punched K.B. in the mouth and hit her right eye.

---

[1] Ind. Code § 35-42-2-1.3(c).

[4] After the assault, K.B. left Green's house and called 911 on her way to a gas station. Officer Tyler Kruse responded to K.B.'s 911 call and met her at the gas station. He observed K.B. was crying, her lip was swollen with dried blood on it, the right side of her face was swollen and red, and her right ear and the area behind the ear were bright red. K.B. told Officer Kruse that she was 19 weeks pregnant, Green was the father, and Green had battered her. Officer Kruse recorded his interactions with K.B. using his bodycam.

[5] The State charged Green with Level 5 felony domestic battery resulting in injury to a pregnant woman and Class A misdemeanor domestic battery.[2] The court held a jury trial on July 24 and 25, 2018. Both Officer Kruse and K.B. testified at the trial. Officer Kruse testified:

> [K.B.] told me that her boyfriend, Jamie Green, had received a text. She said that she opened the phone and saw the text was from another girl. She accused Jamie of cheating on her and then Jaime immediately hit her. She said Jamie hit her twice on the side of—in the side of the head with his elbow. She said Jamie continued to hit her. He grabbed her neck, punched her in her lip, mouth, and then finally Jamie grabbed her hair and hit her head on his knee and then she said she was able to get away. That's when she drove away and called the police and met us at the gas station.

(*Id*. at 47.) K.B. testified on the second day of trial. During K.B.'s testimony, the State published to the jury portions of K.B.'s 911 call and Officer Kruse's

---

[2] Ind. Code § 35-42-2-1.3(a).

bodycam footage. The jury returned a verdict of guilty on both counts. The trial court merged the misdemeanor charge with the felony count, entered the felony conviction, and sentenced Green to five years in the Indiana Department of Correction, with one year suspended to probation.

# Discussion and Decision

[6] The decision to admit or exclude evidence rests within the sound discretion of the trial court, and we afford the trial court great deference on appeal. *Norris v. State*, 53 N.E.3d 512, 525 (Ind. Ct. App. 2016). "An abuse of discretion occurs when the trial court's decision is clearly erroneous and against the logic and effect of the facts and circumstances before it or it misinterprets the law." *Id.* Similarly, the number of witnesses that may be called to prove a fact is within the trial court's sound discretion. *Id.*

[7] A contemporaneous objection is required at the time evidence is introduced at trial in order to preserve the issue for appeal. *Rhodes v. State*, 996 N.E.2d 450, 454 (Ind. Ct. App. 2013). Green failed to contemporaneously object to admission of the evidence he now contends was erroneously allowed. Therefore, we may reverse only upon a showing of fundamental error. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010), *reh'g denied*. "The fundamental error exception is extremely narrow, and [it] applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id.* (internal quotation marks omitted). The claimed error must be so

egregious it renders a fair trial impossible or constitutes a blatant violation of basic and elementary principles of due process. *Id.*

[8] Green argues the trial court abused its discretion in allowing Officer Kruse to testify as to K.B.'s out-of-court statements and in admitting portions of K.B.'s call to 911 and Officer Kruse's bodycam footage. Green contends these out-of-court statements improperly bolstered the victim's credibility, amounting to drumbeat repetition making meaningful cross-examination impossible. We disagree.

[9] Green's argument principally relies on two cases, *Modesitt v. State*, 578 N.E.2d 649 (Ind. 1991), and *Stone v. State*, 536 N.E.2d 534 (Ind. Ct. App. 1989), *trans. denied*. In *Modesitt*, the defendant was charged with molesting an 11-year-old girl. 578 N.E.2d at 650. The victim's mother, a welfare caseworker, and a psychologist testified as to what the victim told each of them about the defendant's conduct before the State called the victim to testify. *Id.* Our Indiana Supreme Court held that the drumbeat repetition of the victim's statements by other witnesses before the victim was called to testify "precluded direct, immediate cross examination of the statements and constitutes error requiring reversal." *Id.* at 652.

[10] Similarly, in *Stone*, the defendant was charged with two counts of child molesting. 536 N.E.2d at 535. The victim, the victim's sister, and four adults testified as to the victim's report of what transpired between the defendant and the victim. *Id.* at 537. We determined the trial court abused its discretion in

allowing each witness to recount the victim's version of events because the victim's "credibility became increasingly unimpeachable as each adult added his or her personal eloquence, maturity, emotion, and professionalism to [the victim's] out-of-court statements." *Id.* at 540.

[11] However, this case differs significantly from *Modesitt* and *Stone*. In both the 911 call and the recording from Officer Kruse's body cam, K.B. herself is the one recounting the same events to which she was testifying at trial. So, unlike *Stone*, multiple witnesses are not using their "eloquence, maturity, emotion, and professionalism" to boost K.B.'s credibility. *Id.* K.B. is the only one speaking. Additionally, the State played the portions of K.B.'s 911 call and Officer Kruse's bodycam footage during K.B.'s testimony, and Green cross-examined K.B. after this testimony. Thus, Green had the opportunity to immediately address K.B.'s statements and the exhibits.

[12] Finally, Officer Kruse's statement was, at most, harmlessly cumulative. We do not reverse when repetitive testimony is "brief, consistent with, and [does] not elaborate" upon the victim's allegations. *Surber v. State*, 884 N.E.2d 856, 864 (Ind. Ct. App. 2008), *trans. denied*. The State asked Officer Kruse what K.B. told him, and Officer Kruse merely summarized her statement. His testimony was consistent with K.B.'s version of events as relayed in her 911 call, her statement captured on Officer's Kruse's bodycam, and her testimony. Therefore, we cannot say it was fundamental error to admit his statement. *See Norris*, 53 N.E.3d at 526 (holding it was not error for trial court to allow

testimony of two witnesses that merely provided an overview of the situation and a summary of the victim's accusations).

# Conclusion

Green cross-examined K.B. immediately after portions of her 911 call and Officer Kruse's bodycam footage were published to the jury. Additionally, Officer Kruse's brief summary of K.B.'s report to him and evidence of K.B. explaining what happened do not amount to impermissible drumbeat repetition. Accordingly, we affirm.

Affirmed.

Baker, J., and Tavitas, J., concur.