**Thomas L. POFFENBERGER,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 46A04–9012–CR–575.[1]**

Court of Appeals of Indiana,
First District.

Nov. 14, 1991.
Transfer Denied Jan. 22, 1992.

---

1. This case was diverted to this office by order of the Chief Judge on September 27, 1991.

**996**

Donald W. Pagos, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

Thomas L. Poffenberger appeals his conviction for Child Molesting,[2] a Class C felony. We reverse and remand.

### ISSUES [3]

We restate the issues on appeal as:

1. Did the trial court err in admitting an audio-taped statement of the child victim in violation of IND. CODE § 35-37-4-6?

---

**2.** IND.CODE § 35-42-4-3(b).

**3.** Because we remand for a new trial, we do not discuss other issues raised on appeal.

2. Was Poffenberger denied effective assistance of counsel?

## FACTS

In 1989, the three-year-old victim, S.P. resided with her aunt, Deanna Armstrong from January to April. In March, S.P. spent the night at Rebecca Newman's home three different nights. Newman is the ex-wife of Poffenberger. Armstrong was unaware that Poffenberger, S.P.'s grandfather, was staying at Newman's home when S.P. stayed there. Later, Armstrong observed S.P. rubbing a balloon between her legs and tickling a doll in the genital area. When questioned, S.P. stated that Poffenberger had touched her "body" during one of her overnight visits at the Newman residence. Armstrong contacted S.P.'s mother who was living in Tennessee.

A police investigation was initiated, and Detective Blair attempted to interview S.P. During the audio-taped interview, Det. Blair left the room asking Armstrong to finish the interview because he believed his presence was inhibiting S.P.'s statements. On the morning of trial, the prosecutor notified the court that the audio tape would be used at trial instead of live testimony of S.P., pursuant to I.C. § 35–37–4–6. A hearing was conducted outside the presence of the jury. Dr. Melissa Spafford, a psychologist, testified that S.P. would be traumatized if she were required to give live testimony at trial. The doctor had several previous interviews with S.P. regarding the incident. Although S.P. was present at the hearing, Poffenberger's attorney did not cross-examine the child. The judge ruled that the audio-taped statement was reliable and admissible in lieu of S.P.'s testimony at trial.

During the trial, the audio tape was admitted without objection and S.P. did not testify. The jury found Poffenberger guilty of child molesting. He received a four-year sentence. Other relevant facts

will be presented in our discussion of the issues.

## DISCUSSION AND DECISION

*Issue One*

█ The State contends that Poffenberger waived any errors by his failure to make appropriate objections at trial. *See Ingram v. State* (1989), Ind., 547 N.E.2d 823, 829 (error waived where defendant does not object at trial). Nevertheless, Poffenberger presents a valid claim that his counsel was ineffective for failing to cross-examine S.P., *see Issue Two*, therefore, we address each of the alleged errors regarding I.C. § 35–37–4–6.

█ Poffenberger asserts four errors occurred concerning the audio tape which violated I.C. § 35–37–4–6. Poffenberger first complains that the State did not give him ten days' notice of its intention to use the audio tape. I.C. § 35–37–4–6(e) provides that a statement is not admissible unless the prosecutor informs the defendant and his attorney at least ten days before the trial that the State intends to introduce the statement into evidence. On May 7, 1990, the pre-trial order indicated that the State might use the recorded statement of the victim and that Poffenberger could obtain a transcript of it. This notice was sufficient to satisfy I.C. § 35–37–4–6(e). *See Stahl v. State* (1986), Ind.App., 497 N.E.2d 927, 930 (adequate notice in discovery record where State informed defendant of videotapes of victims available for viewing; listed children as possible witnesses; and related that the prior statements may be offered into evidence)[4]; *Hopper v. State* (1986), Ind.App., 489 N.E.2d 1209, 1213, *cert. denied*, 479 U.S. 992, 107 S.Ct. 592, 93 L.Ed.2d 593 (pursuant to discovery, copies of the victim's statements were delivered to the defendant six months before trial, and defendant was aware that State intended to introduce the statements).

---

**4.** Poffenberger contends that *Stahl* is inapplicable because it was governed by the statute before amendment in March 1990 which provided the ten-day period. The prior statute required only that notice be given the defendant to allow

a fair opportunity to prepare a response before trial. I.C. § 35–37–4–6(e) (West 1986). The pre-trial order was issued two months before trial, therefore, the statute, as amended, has been satisfied.

Poffenberger next contends that before a tape can be used in lieu of live testimony, the court must find that the witness is unavailable because a psychologist has certified that participation at trial would create a substantial likelihood of emotional or mental harm to the protected person. *See* I.C. § 35–37–4–6(d)(3)(A). Poffenberger asserts that the doctor's statements do not satisfy the statute. Dr. Melissa Spafford testified at the hearing that S.P.'s participation at trial would be a traumatic experience for her. Dr. Spafford stated that "it would open old wounds ... it would hurt her, make her fearful, make her fear retaliation, make her feel guilty and disloyal to her grandfather and all kinds of mixed emotions. I felt it would hurt her.... I think it would be very traumatic for her." Record at 289. We find the doctor's certification of harm to be sufficient.

Poffenberger's third contention regarding the audio tape is that although the trial court found indications of reliability in the time, content, and circumstances of S.P.'s taped statements, as required by I.C. § 35–37–4–6(d)(1), the court failed to state the bases for this conclusion. Poffenberger claims that the court's conclusion is unsupported by the evidence presented at the hearing.

The court should consider such factors as the child's ability to observe, remember, recollect, and describe experience and the child's ability to understand the nature and consequences of an oath as well as the time and circumstances of the making of the tape. *DeMotte v. State* (1990), Ind.App., 555 N.E.2d 1336, 1340, *trans. denied.* We review the court's determination for an abuse of discretion. *State v. Petry* (1988), Ind.App., 524 N.E.2d 1293, 1296. Poffenberger relies upon *Miller v. State* (1988), Ind., 531 N.E.2d 466, 471, in which the Indiana Supreme Court found indicia of reliability lacking to allow admission of the victim's statement into evidence. In *Miller*, the three-year-old victim was questioned the day following the molesting. She was under intense control and scrutiny all day prior to making the statement. She was subjected to a stressful physical examination before the statement was taken the same day. She was questioned by the Welfare Department and the sheriff's office in strange surroundings. Additionally, the questions asked during the taped interview were posed suggestively. Therefore, the *Miller* court concluded that the circumstances surrounding the taped interview did not provide sufficient indicia of reliability. *Id.* at 470–71.

Unlike the statement in *Miller*, S.P.'s statement was taped several days after the occurrence, but before the physical examination and psychological consultations. Dr. Spafford testified that S.P. told the same story consistently on different occasions, did not exhibit signs of fantasy or hallucination, and did not exhibit signs of having been coached or coerced. Based upon the doctor's testimony and the circumstances, the court could have found sufficient indications of reliability. We cannot say the court abused its discretion.

Poffenberger's last contention regarding the audio tape is that S.P. did not testify at the hearing as required by I.C. § 35–37–4–6(d)(2). The provision reads: "(2) the protected person: (A) testifies at the hearing described in subdivision (1)." I.C. § 35–37–4–6(d)(2) (Supp.1991). Although S.P. was present at the hearing, she did not testify. The State contends that S.P. was available for cross-examination at the hearing and that was sufficient to satisfy the statute. Poffenberger counters that I.C. § 35–37–4–6(d)(2) requires cross-examination if the child was not cross-examined when the taped statement was made, citing *Miller*, in which our supreme court stated:

"the legislature intended that the hearing on the admissibility of the child victim's statement be adversarial in nature with full confrontation between defendant and victim. The legislature intended that the child testify during this hearing even if the child will be unavailable for trial."

531 N.E.2d at 469 (citations omitted). The *Miller* court summarized the quotation as establishing that the hearing is intended to be adversarial and provide the defendant

with an opportunity for full cross-examination. The court held that Miller should have been provided a separate hearing to afford him the opportunity to confront the child and test her credibility in regards to the statement through cross-examination. *Id.* at 470. Following *Miller,* we would be inclined to find that Poffenberger was provided the opportunity to cross-examine the child at the hearing, at which she was present, but declined to do so. However, Poffenberger is correct that the statute has been amended since *Miller* was decided. In March 1990, the legislature replaced the former language allowing the statement at trial if "the child: testifies at trial" with "the protected person: testifies at the hearing described in subdivision (1)". The language is unambiguous and reads that the child must testify at the hearing. If the legislature merely intended that the child be present at the hearing for the opportunity of cross-examination, the language of I.C. § 35–37–4–6(d)(2)(A) could have been tailored similar to the next subdivision, (d)(2)(B) which reads: "(B) was available for face-to-face cross-examination when the statement or videotape was made." Because the child did not testify at the hearing as required by I.C. § 35–37–4–6, we find that Poffenberger was effectively denied his right to cross-examine the child. Such error requires a new trial.

*Issue Two*

■ Poffenberger asserts that his counsel was ineffective for failing to cross-examine S.P. at the hearing. We evaluate the ineffective assistance claim using a two-part test: first, appellant must show that his counsel's performance was deficient, and second, that he suffered prejudice as a result. *Clark v. State* (1990), Ind., 561 N.E.2d 759, 762.

■ In *Issue One,* we held that Poffenberger was denied the right to cross-examination because the child did not testify at the hearing. We find that counsel's failure to call the child to question her at the hearing constitutes deficient performance.

The failure to cross-examine S.P. at the hearing prejudiced Poffenberger when the audio tape was admitted at trial without objection. If his counsel had cross-examined S.P., it might have raised serious questions of credibility or other grounds for objecting to the admission of the statement. Poffenberger has established ineffective assistance on this issue.

Reversed and remanded for a new trial.

BAKER and BUCHANAN, JJ., concur.

---

1. This case was diverted to this office by order of the Chief Judge.