Robert WILLIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0203–CR–198.

Court of Appeals of Indiana.

Oct. 18, 2002.

Jerry T. Drook, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Robert Willis appeals his conviction of child molesting, a Class A felony.[1] He raises one issue on appeal, which is whether the trial court abused its discretion when it admitted a videotaped statement by the child victim.

We affirm.

## FACTS AND PROCEDURAL HISTORY

During the first weekend of December 2000, Robert Willis exercised his right to visitation with his seven-year-old daughter, K.W. On Saturday night, K.W. woke up to find her pants off and Willis licking her "boo boo." (Tr. at 23, 24, 40.) "Boo boo" is the term that K.W. uses to refer to the area that she uses to urinate. Willis told K.W. not to tell her mother, Latoya Galloway. Willis took K.W. back to Galloway's house on Sunday afternoon.

On Tuesday, Galloway asked K.W. how her weekend was. K.W. told Galloway that Willis had "licked her boo boo." (Tr. at 40.) Galloway immediately called the police and arranged for K.W. to be interviewed by them the next day. Per police orders, Galloway did not ask K.W. anything else about the incident.

The next day, Galloway took K.W. to the Family Advocacy Center. There, Indianapolis Police Detective Roxanne Malloy took a videotaped statement from K.W. Detective Malloy did not talk to K.W. prior to taking the statement except to introduce herself on the way to the interviewing room. In the statement, K.W. told Detective Malloy that her dad had used his tongue to touch her boo boo.

The State charged Willis with child molesting, as a Class A felony, for performing deviate sexual conduct upon K.W.; incest, a Class B felony, for performing deviate sexual conduct upon his daughter;[2] and child molesting, as a Class C felony, for fondling or touching K.W.[3] At trial, K.W. testified about what had happened. Over Willis' objection, Galloway also testified about what K.W. had told her. In addition, the court admitted, over Willis's objection, the videotaped statement that K.W. had given to Detective Malloy. The jury found Willis guilty of all three counts. The trial court merged counts two and three into count one and entered a judgment of conviction only as to count one, child molesting as a Class A felony. The trial court sentenced Willis to forty years in the Department of Correction.

## DISCUSSION AND DECISION

Willis claims that the trial court abused its discretion by admitting the videotape into evidence. A trial court has discretion to admit or exclude evidence. *See Rickey v. State*, 661 N.E.2d 18, 21 (Ind.Ct.App.1996), *trans. denied*. We review the trial court's decision to determine whether it was against the logic and effect of the facts and circumstances before the court. *Fox v. State*, 717 N.E.2d 957, 966 (Ind.Ct.App.1999), *trans. denied*.

The evidence at issue is a videotape of an interview of K.W. by Detective Malloy. Videotaped statements are hearsay, and thus are generally inadmissible. *Rickey*, 661 N.E.2d at 21. However, Ind. Code § 35–37–4–6, the child hearsay statute,[4] provides that videotaped hearsay statements of children are admissible in some situations. When determining

---

1. Ind.Code § 35–42–4–3.

2. Ind.Code § 35–46–1–3.

3. Ind.Code § 35–42–4–3.

4. Ind.Code § 35–37–4–6 provides, in pertinent part:

    (a) This section applies to a criminal action under the following:

whether to admit a videotaped statement under the child hearsay statute, the trial court should consider "the child's ability to observe, remember, recollect, and describe experience and the child's ability to understand the nature and consequences of an oath as well as the time and circumstances of the making of the tape." *Poffenberger v. State*, 580 N.E.2d 995, 998 (Ind.Ct.App. 1991), *trans. denied.* We review a trial court's decision to admit videotapes under this statute for an abuse of discretion. *Id.*

▮ Willis first argues that the trial court abused its discretion by admitting the videotape because the tape did not contain sufficient indicia of reliability. However, we need not address the reliability of the videotape because the evidence on the videotape was cumulative of other evidence admitted. Any error in the admission of a videotape is harmless if the evidence on the tape is "cumulative of the statements of a witness and the tape is not the only direct evidence of the events." *Id.* We do not reverse judgments based upon harmless errors in the admission of evidence. *Fox*, 717 N.E.2d at 966 (citing Ind. Trial Rule 61). Consequently, we need not determine whether the trial court properly admitted the hearsay videotape if we may more easily determine that the evidence on the tape was merely cumula- tive of other evidence properly admitted. See *id.*

Here, Willis admits in his appellant's brief that "the child victim and her mother had both already given direct testimony to the very same allegations made in the video" and "[t]he video presented nothing new or different." (Br. of Appellant at 6, 7.) As Willis admits that the videotape evidence was cumulative of the testimony of K.W., the trial court could not have abused its discretion when it admitted the videotape. *See Fox*, 717 N.E.2d at 966.

▮ Willis's second argument is that "[t]he trial court[']s decision to allow the videotaped statement into evidence even though the child victim and her mother had both already given direct testimony to the very same allegations made in the video amounted to a drumbeat repetition designed only to bolster the testimony of the child victim." (Br. of Appellant at 6– 7.) To support this argument, Willis cites *Stone v. State*, 536 N.E.2d 534 (Ind.Ct. App.1989), *trans. denied*, in which we re- versed a child molesting conviction be- cause, after the child victim had already testified, six other witnesses were permit- ted to testify about what the child victim told them about the molestation. We held that the probative value of the testimony

(1) Sex crimes (IC 35–42–4).
\* \* \* \* \*
(4) Incest (IC 35–46–1–3).
\* \* \* \* \*
(b) As used in this section, "protected per- son" means:
(1) a child who is less than fourteen (14) years of age . . .
\* \* \* \* \*
(c) A statement or videotape that:
(1) is made by a person who at the time of trial is a protected person;
(2) concerns an act that is a material element of an offense listed in subsection (a) that was allegedly committed against the person; and
(3) is not otherwise admissible in evi- dence;

is admissible in evidence in a criminal ac- tion for an offense listed in subsection (a) if the requirements of subsection (d) are met. (d) A statement or videotape described in subsection (c) is admissible in evidence in a criminal action listed in subsection (a) if, after notice to the defendant of a hearing and of his right to be present, all of the following conditions are met:
(1) The court finds, in a hearing:
(A) conducted outside the presence of the jury; and
(B) attended by the protected person; that the time, content, and circumstances of the statement or videotape provide suf- ficient indications of reliability.
(2) The protected person:
(A) testifies at the trial. . . .

of the other six persons was outweighed by the prejudicial effect of the repetition of the inflammatory aspects of the State's case. *Id.* at 540.

In a later case, our supreme court reversed a child molesting conviction because the victim's mother, caseworker, and psychologist all testified before the victim testified about the victim's hearsay statements to them. *Modesitt v. State,* 578 N.E.2d 649 (Ind.1991). The supreme court held "as did the Court of Appeals in *Stone v. State* (1989), Ind.App., 536 N.E.2d 534, that we could not say that the drumbeat repetition of the victim's original story prior to calling the victim to testify did not unduly prejudice the jury which convicted [the defendant]." *Id.* at 651–52.

Under *Modesitt,* hearsay statements by a victim are admissible only if:

> The declarant testifies at trial and is subject to cross examination concerning the statement, and the statement is (a) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (c) one of identification of a person made after perceiving the person.

*Id.* at 653–654.

However, since *Modesitt,* both this court and our supreme court have held that, in some fact situations, the erroneous admission of evidence in violation of *Modesitt* is harmless. *See Craig v. State,* 630 N.E.2d 207, 211–212 (Ind.1994) (holding that the improper admission of hearsay testimony of two witnesses that "confirmed but did not elaborate upon" the victim's testimony would have had only minor impact on the jury because there was little to undermine the victim's credibility); *McGrew v. State,*

673 N.E.2d 787, 796 (Ind.Ct.App.1996) (holding that the improper admission of hearsay testimony from two witnesses whose testimony was "brief and consistent with" the victim's testimony did not "constitute drumbeat repetition of the victim's statements"), *summarily affirmed by* 682 N.E.2d 1289, 1292 (Ind.1997); *Caley v. State,* 650 N.E.2d 54, 57 (Ind.Ct.App.1995) (holding that admission of a prior consistent statement given to the police by the victim was erroneous under *Modesitt* but did not constitute reversible error because the statement "neither explained nor elaborated upon the testimony already adduced at trial"), *reh'g denied, trans. denied.*

Assuming arguendo the trial court erred by admitting this hearsay evidence in this case, we turn to whether the admission was harmless. Here, Galloway's testimony and the videotape were admitted into evidence after K.W. testified. Comparison of the videotaped interview by Detective Malloy with K.W.'s trial testimony reveals that the videotape did not supply any information that the jury had not already heard when K.W. testified. In addition, examination of Galloway's testimony reveals that less than a third of a page of her twenty pages of testimony includes a discussion of K.W. telling her that Willis licked her boo boo. Under these circumstances, the admission of Galloway's testimony and the videotaped interview did not amount to the drumbeat of repetition that our supreme court condemned in *Modesitt.* See *McGrew v. State,* 673 N.E.2d at 796; *Caley,* 650 N.E.2d at 57.

For the foregoing reasons, we affirm Willis' conviction of child molesting.

ROBB, J., and RILEY, J., concur.