DICKSON, Justice,
concurring and dissenting.
As to Part I of the Court's opinion, I agree with its holding regarding the permissible use of statements under the Protected Person Statute. As the majority notes, an accused person's presumption of innocence and right to fair trial can be substantially affected by the tension between the commonly presumed candor of young children and the serious questions of their capacity for accurate perception, memory, and resilience to suggestibility.[1] In the exercise of this Court's supervisory powers, we must carefully consider and balance the countervailing goals of convicting the guilty but assuring fair trials to protect the innocent.
Statutory enactments and court decisions have accommodated prosecutorial interests in presenting as evidence the narrative recollections of young children who may be traumatized by testimony in open court-hearsay evidence that would otherwise be inadmissible under traditional principles. But the equally inviolate obligation to assure a fair trial for persons presumed innocent compels cautious application of this exception, especially when permitting the prosecution not only to present such hearsay evidence, but also to present these same children as live witnesses, thereby providing potentially re *471 petitive and cumulative testimony-a practice that is generally condemned. Seq, e.g., Cooper v. State, 854 N.E.2d 831 (Ind.2006) (finding drumbeat repetition of prosecutor's closing remarks of a sentencing phase to be fundamental error); Appleton v. State, 740 N.E.2d 122 (Ind.2001); Modesitt v. State, 578 N.E.2d 649 (Ind.1991) (finding that drumbeat repetition of victim's prior statements by other witnesses before her testimony and cross-examination was reversible error due to the repetition). But see Willis v. State, 776 N.E.2d 965 (Ind.Ct.App.2002) (finding that even if videotaped evidence of a child's testimony was drumbeat repetition, it was not fundamental error), trams. not sought.
In most cireumstances, fairness would seem to require that the State choose either to present a child's testimony in open court or, if the child is deemed subject to emotional harm from such public testimony, to present the child's version through the Protected Person Statute-but not both. If a child is sufficiently mature to testify in open court, resort to the Protected Person Statute exception is unnecessary and unfair. I therefore agree with the Court's holding that "if the statements are consistent and both are otherwise admissible, testimony of a protected per son may be presented in open court or by prerecorded statement through the [Protected Person Statute], but not both." Op. at 466-67.
As to Part II, however, I dissent. Adbering to "due consideration of the trial court's decision," as required by Indiana Appellate Rule 7(B), I find that Judge Taul's evaluation and determination of the appropriate sentence for this defendant and these convictions does not warrant appellate intrusion.

. See, eg., Jean Montoya, Something Not So Funny Happened on the Way to Conviction: The Pretrial Interrogation of Child Witnesses, 35 Ariz. L.Rev. 927, 948 (1993) (noting that videotaping of children's testimony does not promote the integrity of the fact-finding process); Goodman & Reed, Age Difference in Eyewitness Testimony, 10 Law & Hum. Be-hav. 317 (1986); Cohen & Harnick, The Susceptibility of Child Witnesses to Suggestion, 4 Law & Hum. Behav. 201 (1980). But see Goldman & Helgeson, Child Sexual Assault: Children's Memory and the Law, 40 U. Miami L.Rev. 181 (1985).