## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 11 2015, 10:17 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

Joshua Holliman
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua Wayne Holliman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 11, 2015

Court of Appeals Case No.
86A03-1404-PC-138

Appeal from the Warren Circuit Court; The Honorable John A. Rader, Judge;
86C01-0605-PC-39

**May, Judge.**

[1] Joshua Wayne Holliman appeals the denial of his petition for post-conviction relief. He presents multiple issues for our review, which we consolidate and restate as:

1.      Whether the post-conviction court abused its discretion when it denied Holliman's request to present certain evidence at his post-conviction hearing;

2.      Whether Holliman's trial counsel was ineffective; and

3.      Whether Holliman's appellate counsel was ineffective.

[2] We affirm.

## Facts and Procedural History

[3] On August 13, 2003, the State charged Holliman with murder based on evidence he shot his fiancé at close range with a shotgun and hid her body in the trunk of his car. On May 21, 2004, a jury found Holliman guilty as charged. On August 19, 2004, Holliman filed a motion to correct error alleging juror misconduct. The trial court held a hearing on the matter and denied Holliman's motion to correct error on December 29, 2004. Holliman filed an appeal, and we affirmed the trial court's judgment in a memorandum decision. *Holliman v. State*, 86A03-0501-CR-12 (Ind. Ct. App. September 12, 2005).

[4] On May 19, 2006, Holliman filed a *pro se* petition for post-conviction relief. On February 3, 2011, Holliman, by counsel, amended his petition for post-conviction relief. The post-conviction court held an evidentiary hearing and denied Holliman's amended petition for post-conviction relief.

# Discussion and Decision

[5] We first note Holliman proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[6] Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id*. A party appealing a post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id*. Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been

made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation and citation omitted).

### 1. *Admission of Evidence at Post-Conviction Hearing*

[7] The admission of evidence in a post-conviction proceeding is within the post-conviction court's discretion and we will reverse only upon an abuse of that discretion. *Conner v. State*, 711 N.E.2d 1238, 1258 (Ind. 1999), *reh'g denied*, *cert. denied sub nom Conner v. Indiana*, 531 U.S. 829 (October 2, 2000).

### A. Audio Tape from Holliman's Criminal Trial

[8] During the post-conviction hearing, Holliman requested the court admit portions of the audio recordings of his trial. The trial court denied his request, and during his offer to prove, Holliman indicated the portions of the tape would demonstrate his trial counsel was intoxicated based on his speech patterns, specifically that he was slurring his words. However, Holliman had already presented multiple witnesses regarding his claim trial counsel was intoxicated, and the trial transcript was before the post-conviction court. Therefore, if there was any error in the post-conviction court's denial of Holliman's request to admit the audio tapes, it was harmless because that evidence was cumulative of other evidence already before the post-conviction court. *See Willis v. State*, 776 N.E.2d 965, 967 (Ind. Ct. App. 2002) (admission of evidence harmless if evidence is cumulative of other properly-admitted evidence).

## B.    Testimony of Juror

[9]    During his post-conviction hearing, Holliman attempted to admit into evidence the testimony of a former juror whom Holliman claimed would testify the jury would have decided differently if given an instruction regarding a lesser-included offense.  The post-conviction court denied Holliman's request. Indiana Evidence Rule 606(b) states, in relevant part:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on the juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment.  The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

As Holliman intended to elicit testimony from the former juror that was inadmissible under Evid. R. 606(b), the post-conviction court did not abuse its discretion when it denied his request to admit that testimony.

## 2.    *Ineffective Assistance of Trial Counsel*

[10]    A successful claim of ineffective assistance of trial counsel must satisfy two components.  First, the defendant must show deficient performance - representation that fell below an objective standard of reasonableness involving errors so serious that the defendant did not have the counsel guaranteed by the Sixth Amendment.  *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002), *reh'g denied*.  Second, the defendant must show prejudice - a reasonable probability (*i.e.,* a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different.  *Id*.

### A. Voluntary Manslaughter Instruction

Holliman argues his trial counsel was ineffective because he did not proffer a jury instruction regarding the lesser-included offense of voluntary manslaughter. However, in his amended petition for post-conviction relief and during his post-conviction hearing, Holliman argued his trial counsel should have submitted a jury instruction regarding the lesser-included offense of reckless homicide. As he cannot make one argument to the lower court and then present a different argument on appeal, his argument is waived. *See Bryant v. State*, 802 N.E.2d 486, 496 (Ind. Ct. App. 2004) (appellant may not advance a different argument on appeal than was presented before the lower court), *trans. denied*.

### B. Counsel's Alleged Intoxication

Holliman argues his trial counsel was ineffective because he was intoxicated during Holliman's trial. Holliman testified he thought his trial counsel was intoxicated, and Holliman presented one witness at the post-conviction hearing who testified he thought Holliman's trial counsel was intoxicated during trial. However, the trial court judge and two other witnesses testified Holliman's trial counsel did not show signs of intoxication during trial. Holliman's arguments are invitations for us to reweigh the evidence, which we cannot do. *See Mahone v. State*, 742 N.E.2d 982, 984 (Ind. Ct. App. 2001) (appellate court will not reweigh evidence or judge the credibility of witnesses on appeal), *trans. denied*.

### C. Additional Allegations of Ineffective Assistance

[11]    Holliman argues his trial counsel was ineffective for a variety of other reasons:

> The appellant now lists the remaining seventeen (17) acts of ineffective assistance of counsel that was [sic] raised on PCR.
>
> 11)     [Trial Counsel] failed to follow appellant's instructions (i.e. [Trial Counsel] was paid funds to hire a private investigator, an expert witness, and co-counsel but kept the funds without hiring anyone)
>
> 12)     [Trial Counsel] failed to investigate juor backgrounds and properly question them during Voir Dire.
>
> 13)     [Trial Counsel] ruined the appellant's Mistrial Hearing by failing to obtain the Voir Dire Transcripts, even after the appellant's family volunteered to pay for them.
>
> 14)     [Trial Counsel] failed to investigate Tampering with evidence (weapon).
>
> 15)     [Trial Counsel] lied to the appellant and his family about never having a disciplinary complaints against him.
>
> 16)     [Trial Counsel] failed to keep the appellant informed while awaiting trial.
>
> 17)     [Trial Counsel] failed to make proper objections at trial.
>
> 18)     [Trial Counsel] lost valuable statements during trial.
>
> 19)     [Trial Counsel] kept postponing the appellant's case due to not being prepared.
>
> 20)     [Trial Counsel] had the appellant's family members to deliver subpoenas and other paperwork which he had been paid to do.
>
> 21)     [Trial Counsel] failed to inform witnesses of the court dates.
>
> 22)     [Trial Counsel] failed to investigate prosecutorial misconduct.
>
> 23)     [Trial Counsel] failed to investigate detective bias.
>
> 24)     [Trial Counsel] failed to contact and interview defense witnesses.
>
> 25)     [Trial Counsel] failed to allow the petitioner to assist in his own defense.
>
> 26)     [Trial Counsel] failed to conduct proper discovery prior to trial.

(Br. of Appellant at 19) (emphasis omitted; errors in original). Holliman also argued his trial counsel was ineffective because he did not request a change of venue.

[12] There are two requirements to prove trial counsel was ineffective: first, the petitioner must demonstrate trial counsel's actions fell below an objective standard of reasonableness and then he must demonstrate he was prejudiced by those actions. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002), *reh'g denied*. In his appellate brief, Holliman states, "The appellant has never claimed that the guilty verdict was not valid, nor is he doing it now." (Br. of Appellant at 6.) In addition, Holliman admitted to police he shot the victim. As Holliman has admitted his guilt, he cannot claim he was prejudiced by counsel's actions because the results of his trial would not have been different but for counsel's actions. *See McCary*, 761 N.E.2d at 392 (appellant must demonstrate but for counsel's errors his trial would have had a different result).

### 3. *Ineffective Assistance of Appellate Counsel*

[13] Claims of ineffective assistance of appellate counsel are reviewed using the same standard as claims of ineffective assistance of trial counsel. *Taylor v. State*, 717 N.E.2d 90, 94 (Ind. 1999). These claims generally fall into three categories: (1) denying access to appeal; (2) waiver of issues; and (3) failure to present issues well. *Bieghler v. State,* 690 N.E.2d 188, 193-95 (Ind. 1997), *cert. denied sub nom. Bieghler v. Indiana*, 525 U.S. 1021 (1998). Relief is appropriate only when we are confident we would have ruled differently. *Id*. at 196.

Holliman argues his appellate counsel was ineffective because he did not raise the issue of ineffective assistance of counsel on appeal. However, Holliman has not demonstrated he was prejudiced by this decision, which is required to show ineffective assistance of counsel. *See McCary*, 761 N.E.2d at 392 (petitioner must demonstrate prejudice from counsel's alleged errors). Further, we note had Holliman's appellate counsel raised the issue on direct appeal, he would have foreclosed Holliman from raising that issue before the post-conviction court. *See Ben-Yisrayl v. State*, 738 N.E.2d 253, 259 (Ind. 2000) (once a petitioner raises a claim of ineffective assistance of counsel on direct appeal, he is precluded from raising ineffective assistance of trial counsel in a petition for post-conviction relief), *reh'g denied*, *cert. denied sub nom. Ben-Yisrayl v. Indiana*, 534 U.S. 1164 (2002).

## Conclusion

The post-conviction court did not abuse its discretion when it denied Holliman's request to admit the audio tapes of his trial and the testimony of a former juror. Additionally, Holliman has not demonstrated his trial counsel and appellate counsel were ineffective. Accordingly, we affirm.

Affirmed.

Robb, J., and Mathias, J., concur.