## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 24 2019, 6:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David A. Stanley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 24, 2019

Court of Appeals Case No.
18A-CR-3052

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1704-F1-86

**Robb, Judge.**

# Case Summary and Issues

[1] Following a two-day jury trial, David Stanley was convicted of one count of Level 1 felony child molesting. He was sentenced to forty-five years in the Indiana Department of Correction ("DOC"). Stanley now appeals, raising two issues which we restate as follows: (1) whether the trial court abused its discretion in admitting into evidence the child victim's videotaped interview and hearsay statements because they created a prejudicial drumbeat repetition of the allegations against him, and (2) whether the trial court abused its discretion in sentencing Stanley when it considered his lack of remorse as an aggravating circumstance. Concluding that the admission of the child victim's out-of-court statements did not result in a drumbeat repetition and that the trial court properly found Stanley's lack of remorse an aggravating circumstance, we affirm.

# Facts and Procedural History

[2] Fifty-five-year old Stanley had been in a thirteen-year relationship with Vicki Cormany. Cormany had a then four-year-old granddaughter ("Child") who lived with or stayed with her and Stanley for much of the first years of Child's life. Child had a good relationship with Stanley and referred to him as "Papaw Dave." [Transcript of] Jury Trial and Sentencing Hearings, Volume 2 at 34. Child's mother, Kara Bryant, also had a good relationship with Stanley and thought of him as a father figure. Dara Hale, who has a child with Stanley's

son, was good friends with Bryant and has known Child since Child's birth. Child calls Hale "Aunt Dara." *Id.* at 116.

[3] On the evening of October 20, 2016, Child was staying with Stanley and Cormany at their home in Huntington. Stanley was in the kitchen making dinner, and Child was standing on a chair near the stove, helping Stanley cook. Cormany was in another room of the house, cleaning copper. When dinner was ready Child, Cormany, and Stanley ate together at the kitchen table. After the three finished dinner, Stanley went into the bathroom. When Stanley left the room, Child told Cormany that "Papaw pulled my pants down and touched my bad spot." *Id.* at 46. Child also told Cormany that "Papaw did up his shirt and . . . squeezed [his] booby and winked at me and told me to shhh." *Id.* at 47. When Stanley returned to the room, Cormany asked him to go to a nearby gas station to purchase cigarettes but did not tell Stanley of Child's accusations. Stanley left the home shortly thereafter and walked to the store.

[4] While Stanley was gone, Cormany called Bryant, Child's mother, and told her of Child's allegations. Child spoke with Bryant on the phone. Bryant testified that Child told her that while Child and Stanley were cooking, "Papaw had pulled down her pants and stuck his finger in her butt, and he lifted up his shirt and squeezed – like pinched his [booby]."[1] *Id.* at 87.

---

[1] Child used the term "butt" or "butt-butt" when referring to her female sex organ. *See* Tr., Vol. 2 at 88, 89, 191.

[5] When Stanley returned from the store, Cormany asked him whether he had touched Child as Child had alleged. Stanley denied touching Child, started crying, and told Child that she did not "have to lie on Papaw to go home." *Id.* at 50. Cormany testified that Child responded by slapping Stanley on the leg, saying, "[T]hat's what you get for touching me." *Id.* at 51.

[6] Bryant sent Hale to the home to pick up Child and Cormany. When Hale entered the home, Child told Hale, "Aunt Dara, my Papaw Dave's going to jail. He stuck his finger in my butt." *Id.* at 119. Stanley responded by telling Child, "Young lady, you didn't have to lie on Papaw. If you wanted to go home, we could have called your mom." *Id.* at 120. Hale left the home with Cormany and Child and then drove to Bryant's home to pick up Bryant. Bryant testified that when Child saw Bryant, Child told her that "Papaw was going to jail because he done touched her in her bad spot[.]" *Id.* at 88. The four then traveled to Parkview Huntington Hospital, arriving in the early morning of October 21, 2016, so that Child could be examined. Bryant testified that Child became "scared" at the hospital, and that "[Child] shut down." *Id.* at 92.

[7] Later that day, Child was interviewed at a child advocacy center by a trained forensic child interviewer. The interview was recorded. After the interview took place, and on that same day, Child was referred to the Sexual Assault Treatment Center in Fort Wayne. At the treatment center, Child was examined by a sexual assault nurse examiner ("SANE Nurse"). The nurse testified that Child told her that "Papaw Dave touched [her] butt-butt." *Id.* at 191. Child

also demonstrated for the nurse how she was touched by putting her index finger inside her labia.

[8] On April 12, 2017, Stanley was charged with one count of child molesting as a Level 1 felony. On January 9, 2018, prior to trial, the State filed a motion to introduce child hearsay evidence, seeking to introduce at trial statements Child made in the videotaped forensic interview regarding the alleged molestation. The trial court conducted a hearing on the motion on July 5, 2018, at which Cormany, Bryant, and Hale (among others) testified. Although Child was made available for cross-examination at the hearing, Stanley did not cross-examine Child, and after a discussion with his counsel, decided not to call Child as a witness. On September 4, 2018, the trial court issued its findings of fact, conclusions thereon, and order, concluding in relevant part as follows: Child was a "protected person for purposes of I.C. 35-[3]7-4-6[,]"[2] and based

---

[2] Indiana Code section 35-37-4-6 provides, in relevant part, that an otherwise inadmissible statement or videotape made by a protected person (a child under fourteen years of age or a mentally disabled individual) is admissible in criminal actions involving sex crimes defined in Indiana Code chapter 35-42-4 if the following conditions are met:

> (1) the court must find, in a hearing attended by the protected person and outside the presence of the jury, that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability;
>
> (2) the protected person must either testify at the trial or be found unavailable as a witness because, among other reasons, the protected person will suffer serious emotional distress from testifying in the presence of the defendant;
>
> (3) if the protected person is found to be unavailable as a witness, the protected person must be available for cross-examination at the hearing or when the statement or videotape is made; and
>
> (4) the defendant must be notified at least ten days before trial of the prosecuting attorney's intention to introduce the statement or videotape and of the contents of the statement or videotape.

*See* Ind. Code § 35-37-4-6(a)-(g).

upon the testimony of a psychologist, "[C]hild would suffer emotional distress if required to testify in the presence of [Stanley.]" Appellant's Appendix, Volume 2 at 213. Finding that the "time, content and circumstances of the statements and video recording . . . provide[d] sufficient indications of reliability[,]" the trial court granted the State's motion. *Id.*

[9] Stanley's jury trial took place on October 31 and November 1, 2018. Child did not testify at the trial; however, Child's videotaped forensic interview was admitted into evidence, and the interview was played for the jury. Stanley did not object. Four additional witnesses testified during trial about what Child told them regarding the accusations against Stanley—without objection from Stanley.

[10] At the conclusion of the trial, Stanley was found guilty as charged. He was sentenced on November 20, 2018 to forty-five years in the DOC.[3] When sentencing Stanley, the trial court discussed the lack of mitigating circumstances and the presence of aggravating circumstances, stating in relevant part as follows:

> The Court is going to find as aggravators the fact that the Defendant has a prior criminal history, including a pri— prior Child Molesting conviction. Um, in addition to that, he was arrested on completely separate Child Molesting, um, offenses.

---

[3] The sentence for Level 1 felony child molesting is a fixed term between twenty and fifty years, with an advisory term of thirty years. *See* Ind. Code § 35-50-2-4.

He has seven (7) prior misdemeanors. Um, the age of the victim is also an aggravator, because she was so young. She was four (4) years old. Um, I know to make it a Level One (1) felony she had to be less than twelve (12), but she was four (4). Also, the victim considered Defendant her grandfather, and the Defendant was in a position of trust. The child had lived with the Defendant for most of her life and was actually staying there, um, overnight in the days preceding this incident that occurred. Also, the Defendant has not taken responsibility for his actions and shows no remorse. Um, it's clear from the [presentence investigation report] that the only one he feels sorry for is himself. It was clear from testimony at trial when he testified that the only one he feels sorry for is himself, yet he's left a trail of victims. . . . I also do not believe that any – any cooperation that he showed during the investigation with authorities – I don't believe it is a mitigator, but even if I considered that a mitigator, any cooperation in the beginning as far as DNA tests and the search of his residence – um, those are far outweighed by the aggravators. There's no balance here at all.

Tr., Vol. 3 at 38. Stanley now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

## I. Admission of Evidence

[11] Stanley first contends that the trial court abused its discretion when it admitted into evidence Child's videotaped forensic interview and allowed testimony of the hearsay statements made by Child to Cormany, Bryant, Hale, and the SANE Nurse. According to Stanley, these combined testimonies, "in addition to [Child's] videotaped statements amount to a drumbeat of repetition that

impermissibly bolstered [Child's] credibility and unduly prejudiced the jury, denying [him] a fair trial." Brief of Appellant at 12.

## A. Standard of Review

A trial court has broad discretion in ruling on the admissibility of evidence. *Turner v. State*, 953 N.E.2d 1039, 1045 (Ind. 2011). We review its rulings for abuse of discretion, which occurs only if the decision was clearly against the logic and effect of the facts and circumstances or misinterprets the law. *Id.*; *Williams v. State*, 43 N.E.3d 578, 581 (Ind. 2015). The number of witnesses who may be called to prove a single issue of fact is within the trial court's sound discretion. *Dobbs v. State*, 237 Ind. 119, 121, 143 N.E.2d 99, 100 (1957).

Stanley did not object on the basis that the videotape and the testimony were cumulative. "As a general rule, failure to object at trial results in waiver of an issue for purposes of appeal." *Washington v. State*, 840 N.E.2d 873, 886 (Ind. Ct. App. 2006), *trans. denied*. Stanley does, however, allege that the admission of the evidence constituted fundamental error. Fundamental error is an extremely narrow exception that allows a defendant to avoid waiver of an issue. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006). It is error that makes "a fair trial impossible or constitute[s] clearly blatant violations of basic and elementary principles of due process . . . present[ing] an undeniable and substantial potential for harm." *Id.* "This exception is available only in egregious circumstances." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (internal quotations and citation omitted).

# B. Drumbeat Repetition

[14]     Stanley argues that fundamental error occurred at his trial

> when [the trial court] allowed three of the child's close family
> members to repeat the child's version of events to the jury,
> putting their added credibility up against the credibility of
> Stanley, who was the only actual witness to what happened to
> the child while they were alone in the kitchen. In other words,
> the jury saw that the child's mother, grandmother and "aunt"
> were willing to testify as to what the child told them rather than
> to testify for Stanley, who was also a close family member. This
> left the jury with the unavoidable impression that the people that
> knew both parties the best believed the child and not Stanley. By
> allowing those family members[,] i.e. the child's mother,
> grandmother and "aunt[,]" to relate the child's words to the jury,
> even though the child herself testified on video at the child
> advocacy center and told her version to the SANE Nurse, the
> trial court allowed the repeated child hearsay to vouch for
> [Child's] out of court statements and improperly bolstered her
> credibility, thereby denying Stanley a fair trial.

Br. of Appellant at 15-16.

[15]     We have addressed the issue of drumbeat evidence in child molesting cases
with differing results. In *Stone v. State*, 536 N.E.2d 534 (Ind. Ct. App. 1989),
*trans. denied*, the defendant was convicted of two counts of child molesting.
Although we concluded that the trial court did not err in admitting some of the
child victim's out-of-court statements, we held that the defendant was
prejudiced when the trial court, over the defendant's objection, allowed five
witnesses to testify to the victim's out-of-court statements. *Id.* at 540. Between
the five witnesses and the victim, the victim's version of the alleged molestation

was presented to the jury seven times. We concluded that this was drumbeat repetition and reversed, explaining that the victim's credibility was "of critical importance," and "the line between [the victim's] credibility became increasingly unimpeachable as each adult added his or her personal eloquence, maturity, emotion, and professionalism to [the victim's] out-of-court statements." *Id.* at 540-41.

[16]   Our Supreme Court also expressed concern about drumbeat repetition of evidence in *Modesitt v. State*, 578 N.E.2d 649 (Ind. 1991). In *Modesitt*, the trial court, over the defendant's objection, allowed three witnesses to testify to the child victim's hearsay statements concerning the alleged molestation—the child's mother, a welfare caseworker, and a psychologist. The court explained that "three witnesses told the victim's story before the victim herself testified[,]" and the Court could not say that this "drumbeat repetition of the victim's original story prior to calling the victim to testify did not unduly prejudice the jury which convicted Modesitt." *Id.* at 651-52.

[17]   In two cases that followed, *Willis v. State*, 776 N.E.2d 965 (Ind. Ct. App. 2002) and *Surber v. State,* 884 N.E.2d 856 (Ind. Ct. App. 2008), *trans. denied*, this court found no drumbeat repetition. First, in *Willis,* the child victim testified about being molested. After the victim testified, her mother testified and the trial court admitted a videotape of the victim's interview with authorities. Both of these occurred despite the defendant's objection. Noting that the videotape revealed no evidence that the jury had not heard from the child victim, as well as the brief nature of the mother's testimony about the molestation, we

concluded that this did not amount to the drumbeat repetition found in *Modesitt*. *Willis*, 776 N.E.2d at 968.

[18] In *Surber*, the child victim's statements about being molested were repeated by three witnesses, and a videotaped interview of the child describing the molestation was admitted into evidence without objection from Surber. 884 N.E.2d at 864-65. Concluding that any error in admission was harmless, we noted that the victim was the first to testify and was cross-examined. *Id.* at 864. We also noted that the three witnesses' testimony "was brief, consistent with, and did not elaborate upon [the child victim's] testimony." *Id.*

[19] Here, Cormany, Bryant, and Hale testified prior to Child's videotaped interview being shown to the jury. The SANE Nurse testified after the videotape was played. All four witnesses testified briefly to what Child told them about what Stanley had done, using the words that Child utilized. None of the witnesses embellished Child's allegations with "personal eloquence, maturity, emotion, and professionalism[,]" *Stone*, 536 N.E.2d at 540, and Stanley does not point us to any specific incidents where the witnesses vouched for Child's credibility. And, unlike in *Modesitt*, Stanley did not object to the testimony of the witnesses. *See Eastwood v. State*, 984 N.E.2d 637, 641 (Ind. Ct. App. 2012) (holding that evidence challenged on appeal as "drumbeat repetition" of victim's testimony was not objected to at trial and that the defendant failed to establish fundamental error with regard to the issue), *trans. denied*. We, therefore, conclude that the admission of the videotape and the witnesses' testimony did

not deprive Stanley of a fair trial and therefore did not constitute fundamental error.

# II. Sentencing

## A. Standard of Review

[20]    Finally, Stanley contends that the trial court abused its discretion at sentencing when it used his lack of remorse as an aggravating circumstance. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. If a trial court abuses its discretion by improperly considering an aggravating circumstance, we need to remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491.

# B. Lack of Remorse as an Aggravating Circumstance

[21] Here, at sentencing, the trial court found that Stanley lacked remorse and that his lack of remorse was an aggravating circumstance because he "has not taken responsibility for his actions and shows no remorse[;] it's clear from the [presentence investigation report] that the only one he feels sorry for is himself[; and it] was clear from testimony at trial when he testified that the only one he feels sorry for is himself[.]" Tr., Vol. 3 at 38.

[22] While a defendant's denial of guilt is not a permissible aggravating factor, his lack of remorse is. *Deane v. State*, 759 N.E.2d 201, 205 (Ind. 2001). A defendant demonstrates lack of remorse by displaying "disdain or recalcitrance, the equivalent of 'I don't care.'" *Cox v. State*, 780 N.E.2d 1150, 1158 (Ind. Ct. App. 2002). On the other hand, the fact that a defendant maintains his innocence by making statements akin to "I didn't do it" is not properly considered an aggravating circumstance. *Id.* Although lack of remorse is a proper aggravator, it is not a weighty aggravator, and instead is considered an aggravator of only modest significance. *See Georgopulos v. State*, 735 N.E.2d 1138, 1145 (Ind. 2000) ("[T]he lack of remorse is regarded only as a modest aggravator.").

[23] At trial, Stanley testified in his own defense, and maintained that he did not inappropriately touch Child. However, during cross-examination, Stanley testified that Bryant and Hale did not like him. During closing argument, Stanley's defense theory was that the State could not prove its case because:

Child was not being truthful with her allegations, and the adults around her may have influenced the allegations; Cormany may have had "an axe to grind" against Stanley and "a motive to put [Child] up to this"; Stanley "did everything he could to make sure . . . that . . . he was acquitted[,]" including cooperating with the investigation by presenting himself for DNA testing; no incriminating physical evidence was found; and Stanley could not have committed the crime because of Cormany's close proximity to the kitchen at the time the molesting allegedly occurred. Tr., Vol. 3 at 13, 17. In his presentence investigation report, Stanley was asked to comment on the instant offense. He replied, "People believe lies. What would you get out of touching a kid? Any kid? Especially your granddaughter? Any kid at that. That messes a kids [sic] head up [sic] it's not funny[.]" Appellant's [Confidential] App., Vol. 4 at 11. Stanley did not make a statement of allocution at sentencing.

[24] Stanley argues that the trial court's consideration of lack of remorse as an aggravating circumstance was improper because his "position and statements at trial did not exhibit disdain or recalcitrance[,]" and therefore the record does not support the court's finding that he lacked remorse. Br. of Appellant at 18. However, we give substantial deference to the trial court's evaluation of remorse because the trial court has the ability to directly observe the defendant and is in the best position to determine whether the remorse is genuine. *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004). As we did not observe Stanley when he testified, we are not in a position to second-guess the trial court's determination of Stanley's credibility. *See, e.g.*, *Green v. State*, 850

N.E.2d 977, 991 (Ind. Ct. App. 2006), *aff'd in relevant part*, 856 N.E.2d 703 (Ind. 2006) (recognizing that the trial court "had the ability to observe the defendant directly and listen to the tenor of his voice," and therefore "was in the best position to determine the sincerity of his alleged remorseful statements"). Accordingly, we conclude that the trial court did not abuse its discretion in finding Stanley's lack of remorse as an aggravating factor.

[25] Even if we were to find that the trial court abused its discretion by considering Stanley's lack of remorse as an aggravating circumstance, any such impropriety would not require this court to remand for resentencing given the trial court's finding of other valid aggravating circumstances. *See Anglemyer*, 868 N.E.2d at 491 (we need to remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record."). Here, we are confident that the trial court would have imposed the same sentence even without the lack of remorse aggravator, as the trial court's imposition of a forty-five year sentence for one count of Level 1 felony child molesting was based upon Stanley's criminal history and his position of trust with respect to Child— both valid aggravators. *See* Ind. Code § 35-38-1-7.1(a)(2) (in determining sentencing, the trial court may consider history of criminal behavior as an aggravating circumstance); *McCoy v. State*, 856 N.E.2d 1259, 1262 (Ind. Ct. App. 2006) ("[A] 'position of trust' by itself constitutes a valid aggravating factor, which supports the maximum enhancement of a sentence for child

molesting.") (citation omitted).  The trial court did not abuse its discretion when sentencing Stanley.

# Conclusion

[26] The trial court did not abuse its discretion in admitting into evidence Child's videotaped forensic interview and allowing testimony of Child's hearsay statements, and the trial court did not err in sentencing Stanley.  Therefore, we affirm Stanley's conviction and sentence.

[27] Affirmed.

Baker, J., and Najam, J., concur.